[No. 5184.  Decided March 11, 1905.]

HENRY A. SHAW et al., Appellants, v. FRANK BENESH et al., Respondents.[1]

APPEAL AND ERROR—REVIEW—FINDINGS—EXCEPTIONS.  Findings, not excepted to, will not be reviewed on appeal, although exceptions were taken to respondents' proposed findings, which were materially altered by the court.

VENDOR AND PURCHASER—CONTRACT TO PURCHASE LANDS—DEFAULT IN PAYMENT—TIME OF ESSENCE—RESCISSION—PLEDGES—CONTRACT PLEDGED AS SECURITY—CONSENT OF PLEDGEE TO RESCIND. where a contract for the sale of land makes time of the essence thereof, and the vendor, after pledging the contract as security for a loan, commences an action for a rescission for non-payment of the amount due, plaintiff is not entitled to rescind upon the strict terms of the contract making time of the essence without the consent of the pledgee or without giving him an opportunity to perform the contract.

[1]Reported in 79 Pac. 1007.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 9, 19)3, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action for a rescission of a contract to sell land. Affirmed.

*Connor & Hand,* for appellants.

*A. E. Gallagher,* for respondents.

PER CURIAM.—The complaint alleges, substantially, that on the 2d day of June, 1902, the plaintiffs and the defendants entered into a contract for the sale of certain real property, in which time was made of the essence thereof. It is further alleged that the defendants were put into possession of the property in pursuance thereof, and have since continued in possession, but have failed and neglected to comply with the terms of said contract, in that they failed and neglected, on or before the 1st day of January, 1903, to pay $300, as provided therein; that plaintiffs thereupon elected to rescind said contract, and demanded possession of the property, and their costs of this action.

The answer of the defendants admitted the allegations as stated above, but, as an affirmative defense, alleged that, on the 29th day of January, 1903, they tendered to the plaintiffs the full amount due on January 1, 1903, under the contract, with interest, which was refused; and they bring into court said amounts to keep said tender alive. The tender of the defendants is made subject to a claim of a deduction of $137.50, for timber cut and removed from the land by the plaintiffs. The answer further sets up, that on the 27th day of March, 1903, a writ of garnishment was served upon these defendants, growing out of an action brought by one Phil T. Becker, against the plain-

tiffs in this action, upon two certain promissory notes, amounting to $150, dated in November, 1902, which said notes were secured by a pledge of the contract in question, and that the possession of said contract had been surreptitiously obtained by the said Shaw prior to January 1, 1903, and that he still wrongfully retained it.

These defenses were each and all of them demurred to, the demurrer was overruled, and an exception allowed. Subsequently the plaintiffs replied to the answer, denying the material allegations thereof, but admitted that, after the defendants defaulted in the payments provided for in said contract, they did take possession of said property, and did cut timber for their own use, to the value of $30, and no more. The cause went to trial before the court, and in due time findings of fact and conclusions of law were made by the court, and a decree entered, denying the prayer of the complaint and decreeing a specific performance of the contract. The plaintiffs appeal.

The plaintiffs did not except to the findings of fact and conclusions of law found by the court, but they did except to the findings and conclusions proposed by the defendants. As the findings of fact and conclusions of law proposed by the defendants were materially altered by the court, both in respect to the number of the paragraphs, and the substance thereof, we do not feel called upon to make any investigation thereof. However, the ruling of the court, in overruling the demurrers to the affirmative defenses set up in the answer, is properly before us for consideration, especially, since the evidence in no manner departed therefrom.

The appellants seem to rely upon the strict terms of the contract making time of the essence thereof, but, in view of the peculiar circumstances of this case, it will be unneces-

sary for us to pass upon that point, for prior to the time the defendants defaulted, plaintiffs had pledged the contract in question to one Phil T. Becker, as security for a loan of $150, and the lower court found as a fact that, at the date of the commencement of this action, the said Becker was the holder, and entitled to the possession, of said contract. It would seem, therefore, that, as a matter of equity, plaintiffs should not be entitled to rescind the contract without the consent of the said Becker, to whom the contract was pledged, or at least, without giving him an opportunity to perform the contract, and thus protect his security. Otherwise, the farm being the homestead of the plaintiffs, and exempt from execution, the plaintiffs would, by their own act, be permitted to destroy the security given to said Becker, and defraud him of the amount due him on his notes. Under all of the circumstances of this case, we are satisfied that the lower court was right in overruling the demurrer to the answer, and in granting specific performance.

Judgment affirmed.