[No. 11182.   Department One.   September 29, 1913.]

Frank Mittlesteadt, *Administrator, Appellant,* v.

Christian Johnson, *Respondent.*[1]

Mortgages—Absolute Deed as Mortgage.   Under the rule that the presumption is that the transaction is what it purports to be, an absolute deed in consideration of advances, with a contemporaneous agreement by the grantee to reconvey on repayment of the advances within a specified time, if the grantor recovers his health, is not shown to be intended as a mortgage but a conditional sale, which became absolute on the grantor's death, where it appears that the grantor, an old bachelor, without money or means of obtaining a living, had tuberculosis, and had been advised that he had but a short time to live, and wished to enter a hospital, that he was indebted to the grantee, his nearest neighbor, for past advances for living expenses and favors received, and desired him to have all his property, and that he accordingly executed the deed in consideration of an agreement by the grantee to make further advances to obtain hospital fees and the necessaries and comforts of life until his death and to pay his funeral expenses.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered January 2, 1913, upon findings in favor of the defendant, dismissing an action for reformation and to quiet title.   Affirmed.

*Henry Madigan* and *Codd, Hutchinson & Codd,* for appellant.

*Roche & Onstine,* for respondent.

Mount, J.—This action was brought by the appellant as administrator of the estate of August Huhn, deceased, to have a deed absolute in form decreed to be a mortgage, and to have the estate of August Huhn, deceased, decreed to be the lawful owner in fee of the property described in the deed, free from any claim of the respondent, except for certain advances made by the respondent to August Huhn during his lifetime.   After the issues were joined and the evidence

[1]Reported in 135 Pac. 214.

heard, the court made findings of fact and dismissed the action. The administrator has appealed.

The facts as found by the court are, in substance, as follows: In February, 1912, August Huhn was the owner of the land in controversy. He was then a man 62 years of age. He had been suffering for sometime with tuberculosis, and had been advised by his physician that he had but a short time to live. He was a bachelor and lived alone upon the premises. His nearest neighbor was the respondent, Christian Johnson, and his family. For two or three years prior to the date first above named, Mr. Huhn had not been able to do any work, or to provide for himself the common necessaries of life. The respondent and his family had been kind to Mr. Huhn, taken his meals to him, and otherwise cared for him. The respondent had cut cord wood upon the premises of Mr. Huhn, and had paid him for the stumpage, and this had been his only income for several years; but this was not sufficient to enable him to live comfortably. The respondent had advanced him money for provisions prior to that time, and at that time Mr. Huhn owed the respondent about $270.

On the 8th of February, 1912, on account of his condition, he was advised by his physician that it would be necessary that he go to a hospital in Spokane. At that time Mr. Huhn told the respondent that the condition of his health was such that he could live but a short time, and that he wanted the respondent to have all of his property at his death; that he had no money with which to go to the hospital; that he desired the respondent to advance to him whatever money was necessary to take him to the hospital where he could have proper care, to pay his hospital and doctor bills, and to furnish him with the necessaries and comforts of life until his death; and then to pay his funeral expenses after death; that, if the respondent would do these things, he would make him a deed to the property in question. The respondent agreed to this, and furnished Mr. Huhn money to purchase wearing apparel and his advance hospital charges. The physician who

advised Mr. Huhn that he could live but a short time, when informed of the arrangements which had been made between Mr. Huhn and the respondent, advised them that they had better consult a lawyer and have the necessary papers prepared to carry out this agreement. They thereupon went to one Severin Iverson, a practicing attorney in Spokane, who prepared, first, a warranty deed from Mr. Huhn to the respondent for the property in dispute. The deed was signed and acknowledged and delivered to the respondent. At the same time, a contract was entered into which, omitting the formal parts, is as follows:

"Witnesseth: That party of the first part, in consideration of One Dollar to him in hand paid by the said party of the second part, the said party of the first part hereby covenants and agrees to and with the said party of the second part, and upon payment to the said party of the first part by the said party of the second part of all moneys and money expended. by the said party of the first part for and in behalf of the said party of the second part for medical attendance, hospital charges and expenses for taking said party of the second part to the hospital at Spokane, Washington, then said party of the first part will convey to said party of the second part by warranty deed the following described lands, towit: The S½ of the SE¼ of the SW¼ and the lot numbered four in Section 30, in Township 29, North, of Range forty-four, E. W. M., in Spokane county, state of Washington.

"That said party of the second part hereby agrees and covenants to pay said party of the first part such sums of money within one year and a half from date if he should recover his health."

The contract was signed and acknowledged, and delivered to Mr. Huhn. On the next day Mr. Huhn died intestate. Subsequently, the appellant was appointed administrator of his estate, and brought this action.

It is argued by the appellant that the deed and contract were one transaction, and taken together, constitute a mortgage by the deceased to the respondent upon the property

described. That the transaction being a mortgage, under the rule in *Plummer v. Ilse,* 41 Wash. 5, 82 Pac. 1009, 111 Am. St. 997, 2 L. R. A. (N. S.) 627, continued to be a mortgage, and was a lien only, upon the property described in the deed, for the amount of the advances made by the respondent to the deceased during his lifetime. This presents the only question in the case.

In *Boyer v. Paine,* 60 Wash. 56, 110 Pac. 682, we held, that, whether a deed absolute in form is intended as a mortgage to secure a debt depends generally upon whether there is an existing indebtedness which is still left subsisting and not discharged. In that case we quoted the rule from 3 Pomeroy, Equity Jurisprudence (3d. ed.), § 1195, as follows:

"Whether any particular transaction does thus amount to a mortgage or to a sale with a contract of repurchase must, to a large extent, depend upon its own special circumstances; for the question finally turns, in all cases, upon the real intention of the parties as shown upon the face of the writings, or as disclosed by extrinsic evidence. A general criterion, however, has been established by an overwhelming consensus of authorities, which furnishes a sufficient test in the great majority of cases; and whenever the application of this test still leaves a doubt, the American courts, from obvious motives of policy, have generally leaned in favor of the mortgage. This criterion is the continued existence of a debt or liability between the parties, so that the conveyance is in reality intended as a security for the debt or indemnity against the liability. If there is an indebtedness or liability between the parties, either a debt existing prior to the conveyance, or a debt arising from a loan made at the time of the conveyance, or from any other cause, and this debt is still left subsisting, not being discharged or satisfied by the conveyance, but the grantor is regarded as still owing and bound to pay it at some future time, so that the payment stipulated for in the agreement to reconvey is in reality the payment of this existing debt, then the whole transaction amounts to a mortgage, whatever language the parties may have used, and whatever stipulations they may have inserted in the instruments."

In *Kegley v. Skillman,* 68 Wash. 637, 123 Pac. 1081, in discussing this question, we said:

"The appellants contend that the evidence shows that the deed to the respondent was intended as a mortgage, and that the money paid for it was a loan. The intention of the parties, when properly ascertained, must determine the question. It is a rule established by almost universal authority that, when property is conveyed by a deed absolute in form without any defeasance or collateral agreement in writing to reconvey, clear and convincing evidence is required to establish that the deed was intended as a mortgage. [Citing cases from this and other courts.]

"While there are authorities which hold that, when there is a contemporaneous agreement in writing for a resale of the property to the grantor, courts of equity will incline to construe the transaction as a mortgage, and that the burden is then upon the party asserting that a conditional sale was intended to establish that fact by clear evidence, the distinction seems to us hardly logical. If the papers do not show upon their face an intention to create a mortgage, but rather a conditional sale, there seems no good reason for requiring a different measure of proof to establish an intention contrary to their purport in the case of two instruments from that required where there is only one, and we see no reason for shifting the burden of proof.

" 'We think the better rule is that where there is a deed absolute in form, either with or without a contemporaneous agreement for a resale of the property, there being nothing upon the face of the collateral papers to show a contrary intent, the presumption of law, independent of evidence, is that the transaction is what it appears to be, and that he who asserts that the writing should be given a different construction must show by clear and convincing evidence, that a mortgage and not a sale with the right to repurchase was intended. This rule has the support of at least two decisions of the supreme court of the United States. *Wallace v. Johnstone,* 129 U. S. 58; *Bogk v. Gassert,* 149 U. S. 17.' *Johnson v. National Bank of Commerce,* 65 Wash. 261, 118 Pac. 21."

We think this rule must govern in this case. Applying the rule to the undisputed facts, it seems clear to us that the deed and contract were intended to become a conditional sale

only in case Mr. Huhn should recover from his illness; and in case of his death, to be an absolute conveyance; because it is quite plain from the collateral contract entered into at the time the deed was given that in case Mr. Huhn should die, there would be no debt due the respondent; and in case he should recover his health, Mr. Huhn agrees to repurchase the land by repaying the respondent within one year and a half from the date of the contract. The evidence and all the circumstances in the case show conclusively that Mr. Huhn in his lifetime desired the respondent to have the property which was deeded to him. He gave him this property because of the debt which he owed the respondent, and because of the kindness which the respondent and his family had shown him during his illness. The form of the contract was a conditional sale. It provided that if Mr. Huhn should recover from his sickness, the respondent would sell him the property for the amount of money which had been advanced by the respondent. It is plain, we think, that this was the intention of the parties as expressed by the instruments drawn, and also by the parties themselves. We are satisfied, therefore, that the transaction was a conditional sale, rather than a mortgage.

The judgment of the lower court is therefore affirmed.

GOSE, CHADWICK, and PARKER, JJ., concur.