Argued February 17; affirmed April 29, 1932

# YOUNG *v.* CLAY ET AL.

(10 P. (2d) 602)

W. P. *Myers, of Klamath Falls* (D. E. Fletcher, of Klamath Falls, on the brief), for appellant.

N. G. *Wallace,* of Bend, for respondent.

BROWN, J. By his first assignment of error, the appellant contends that the complaint is insufficient to maintain the suit against him or to subject his land to the mortgage, because, he says, it fails to disclose that the plaintiff ever entered into a valid contract in writing for the purchase of the land, or that any consideration passed from her for the land, or that she had a salable interest therein.

The pleadings admit, and the parties by stipulation agreed, that the plaintiff's interest in the property

was acquired under an executory contract with one Otto F. Boye, the original owner in fee thereof, an interest in which contract had been sold and assigned by plaintiff to Clay, Benz and Ceboff, and by Ceboff to Gordon. It is likewise admitted that Gordon accepted the assignment, entered into possession under the original executory contract, and that he acquired such rights and assumed such burdens thereunder as were theretofore possessed and assumed by his assignors in the premises. Moreover, he paid the remainder of the purchase price with both constructive and actual notice of the mortgage. The contention that the complaint "merely states inferences instead of facts" is untenable. The statute provides that a complaint shall contain "a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition." Oregon Code 1930, § 1-604. Measured by this statutory provision the complaint is sufficient, and particularly so after verdict.

Counsel for appellant urges that there is a fatal variance between the allegations of the complaint and the proof as to the identity of the parties to the original contract. We cannot follow counsel. The complaint alleges that a valid contract was entered into between the plaintiff and Boye, and that defendants Clay, Benz and Ceboff thereafter purchased from plaintiff a certain interest in that contract, and that defendant Gordon later acquired from Ceboff all his right, title and interest therein. Moreover, it was stipulated at the trial that this was the contract under which Gordon acquired his interest and right of possession.

The appellant insists that the court erred in making its findings of fact because it followed "practically word for word of the complaint." From the record

herein it appears not only that defendant Gordon alone appealed, but it likewise appears that he offered no testimony. He tried the case in the lower court on the theory that the mortgage lien on the real property was null and void for the alleged reason that the original mortgagor never obtained record title to the property. In this connection we note that during the course of the trial the court asked the following question:

"The Court: I mean, you people agreed practically on all the facts but differed just on the construction of law. Is that it?"

to which Mr. Fletcher, one of appellant's attorneys, answered:

"Yes, absolutely."

■ We are convinced that the position of the appellant is not warranted by the facts. Clearly, the mortgage in question was a valid and subsisting lien on the property the subject of the contract. As bearing upon this subject, we direct attention to 41 C. J., 478, where the editors of that work have written:

"A mortgage given by one holding land under an executory contract for the purchase covers his interest, whatever it may be, at the date of the mortgage, giving the mortgagee the right to complete the purchase if his mortgagor refuses to do so; and the mortgagee cannot be ousted of his rights by a rescission of the contract of sale by the original parties to it. But the mortgagee will take no other or greater rights than the vendee had, that is, he will acquire simply a right to purchase the property for the consideration stipulated in the contract of purchase, or to require a conveyance of the estate from the vendor according to the terms of the agreement, on completing the payment of the purchase price. * * *

"It is a general rule that, where a mortgage contains full covenants of warranty, a title acquired by the mortgagor after its execution inures to the benefit of the mortgagee and is bound by the mortgage lien."

We subscribe to this doctrine.

The validity of the mortgage lien having been established, we deem further consideration unnecessary. We have, however, examined the several propositions of law alluded to by appellant, but find no valid ground for reversing the case. Hence we direct its affirmance.

BEAN, C. J., and CAMPBELL, J., concur.

BELT, J., absent.