[No. 33519.   Department One.   May 17, 1956.]

FRED RADACH, *Appellant,* v. WILLIAM PRIOR *et al.,*
*Respondents.*[1]

[1]Reported in 297 P. (2d) 605.

*Washington & Wickwire,* for appellant.

*Cunningham, Ries & Kenison,* for respondents.

OTT, J.—June 10, 1947, William Prior and his wife entered into a contract with J. L. Langdon and his wife for the purchase of five lots in Warden, upon which property is located the Warden Hotel and Cafe. The purchase price was nineteen thousand dollars. A five-thousand-dollar payment was made upon the execution of the contract. The balance was to be paid in stated monthly installments, on or before the tenth day of each month, to the Grant County State Bank, the named escrow holder. The contract provided, among other things, that the vendees should keep the premises in good repair and pay all taxes, and that, should the vendees fail to perform any of the conditions in the

contract, a forfeiture could be declared by the vendors. The contract granted a thirty-day grace period within which time the vendees could comply with the conditions or permit a forfeiture.

April 30, 1951, Mrs. Langdon conveyed her interest in the property to her husband. August 16, 1951, Langdon sold and assigned the contract to Fred Radach. The Priors made no monthly payments between the dates of May 23, 1952, and December 18, 1952.

When the vendees were unable to make the monthly payments, they conveyed a one-half interest in the property subject to the contract to the firm of Cunningham and Ries. Funds were thus provided on December 18, 1952, to pay the delinquent taxes and the monthly installments through November 10, 1952. The December 10th installment remained delinquent.

March 16, 1953, Radach sent notice to the Priors declaring a forfeiture unless the monthly installments, which were delinquent from December 10, 1952, were paid within thirty days. April 20, 1953, a payment was made which, if applied on the contract, would have paid the delinquent installments through March 10, 1953.

May 28, 1953, a second notice of forfeiture, as provided for in the contract, was sent to the vendees. June 2, 1953, Radach authorized the escrow holder to credit upon the contract the installment payment received April 20, 1953. The April and May installments then remained delinquent.

On June 28, 1953, the thirty-day grace period having expired, there remained delinquent the 1953 taxes and three monthly installments totaling three hundred seventy-five dollars. June 30, 1953, the vendees tendered two hundred fifty dollars upon the contract, and paid the first half of the taxes. Upon notification that the partial payment on the delinquent installments had been tendered, Radach instructed the escrow holder to return it, which was done July 8, 1953. The tenders made thereafter of the amounts due were refused and returned. Likewise, an offer to pay the full amount of the contract balance was refused.

July 10, 1953, Radach sent a formal written declaration of forfeiture and demand for immediate possession to the Priors. September 25, 1953, Radach commenced this action to obtain a decree declaring the contract forfeited, to obtain possession of the premises, and to quiet the title in him. Subsequently, the Priors conveyed their remaining one-half interest in the property to Lena McConnell as security for certain loans previously made.

After the issues were joined, the cause was tried to the court, and judgment was entered declaring a forfeiture unless, within thirty days, the defendants paid into court the balance due on the contract. The plaintiff has appealed.

The principal assignments of error are that the trial court erred in failing to grant an immediate forfeiture, and in granting a thirty-day grace period to the respondents.

■ Forfeitures are not favored in the law, and equity will seize upon any inequitable circumstance arising from the contract or the conduct of the parties in order to avoid a forfeiture. *Moeller v. Good Hope Farms,* 35 Wn. (2d) 777, 215 P. (2d) 425 (1950).

■ There was no specific clause in the contract of sale making time of the essence. Time, however, may be made essential where one of the parties delays in making a payment and, thereafter, the other party, by a notice, prescribes a reasonable period within which there must be compliance with the contract. 4 Pomeroy's Equity Jurisprudence (5th ed.) 1054, § 1408.

■ In the case at bar, as in the case of *Moeller v. Good Hope Farms, supra,* the contract vendor accepted payments after they had became delinquent, thus indicating that strict performance of the contract would not be insisted upon. In such instance, we stated that, before the vendor could declare a forfeiture for failure to make current or future payments when due, he must give notice of his intention to do so, with a reasonable time within which the vendee could perform.

■ The appellant sent a notice to the Priors on May 28, 1953, to the effect that, if the delinquent installments were not paid within thirty days, a forfeiture would be declared.

Thus, although he previously had accepted payments after they were due, and after the time had expired under the earlier forfeiture notice, time became the essence of the contract by the terms of the May 28th notice. The grace period which the contracting parties had determined to be reasonable was given. The respondents failed to comply with the terms of the contract within that time and, by so doing, forfeited their interest therein, unless the application of equitable principles prevents such a result.

Respondents contend that acceptance of the five-hundred-dollar payment on June 2, 1953, effected a waiver of the May 28th notice.

The notice constituted a demand for payment and, in effect, required that the appellant vendor accept and credit on the contract all sums tendered prior to midnight June 27, 1953. Such acceptance of partial payment within the grace period does not constitute a waiver of the notice of forfeiture. See *Cassiday v. Adamson*, 208 Iowa 417, 224 N. W. 508 (1929); *Moore v. Elliott*, 213 Iowa 374, 239 N. W. 32 (1931); *Swanson v. Miller*, 189 Minn. 158, 248 N. W. 727 (1933); 107 A. L. R. 366.

In *Moeller v. Good Hope Farms, supra*, we held that, although the notice of forfeiture was not waived, a period of grace would be granted by the court where the equities of the particular case warranted it.

Respondents contend that, because of the delay in returning the two-hundred-fifty-dollar payment tendered to the escrow holder on June 30, 1953, they were misled, and paid taxes which they cannot recover and from which the appellant will benefit. In support of this contention, they urge that, in failing to return promptly the tendered payment, after it was refused by the appellant, the escrow holder was acting as the appellant's agent.

The rule with reference to the agency relationship of an escrow holder in this type of situation is as follows:

"On consummation of the contract and deposit, however, the escrow holder is generally considered the *agent of both parties*, at least for the limited purpose of the escrow, and he has also been denominated a trustee for the parties,

charged with the performance of an express trust governed by the escrow agreement, with duties to perform for each party which neither alone can forbid. When the condition on which the instrument is to take effect is performed, the nature of the dual agency changes and the depositary becomes a mere agent or trustee for each party with respect to the things in escrow to which each has thus become completely entitled, and his possession is equivalent to possession by such party." (Italics ours.) 30 C. J. S. 1203, § 8.

■ The contract of sale named the escrow holder. Here the respondents were attempting to obtain an indulgence from the appellant. The thirty-day grace period had expired. The appellant was not required, under the terms of the agreement, to accept any further payments and, acting alone, could "forbid" such payments being credited upon the contract. In tendering the two hundred fifty dollars subsequent to the expiration date, the respondents were, in effect, asking the escrow holder to obtain authority for crediting the late partial payment. In so doing, the escrow holder departed from the "limited purpose of the escrow" and was acting as agent for the respondents.

■ The trial court based its decision on waiver, but, as we have indicated above, there was no waiver by the appellant. If, however, the judgment of the trial court can be sustained upon any ground within the pleadings and established by the proof, it will be affirmed. *Kirkpatrick v. Department of Labor & Industries, ante* p. 51, 290 P. (2d) 979 (1955); *Ferris v. Blumhardt, ante* p. 395, 293 P. (2d) 935 (1956).

The respondents rely upon the *Moeller* case, *supra*, and urge, not that the right of forfeiture be denied, but that a thirty-day grace period be granted as a condition imposed upon that right, because there are equities in their favor due to improvements they made upon the premises.

The evidence disclosed that the purchase price had been reduced by the sum of two thousand two hundred fifty dollars pursuant to an agreement that the Priors would make certain improvements. No equities can arise from improvements which are compensated for by agreement. There

were, however, additional improvements that were made by the Priors at a cost, not including labor, of approximately five hundred dollars. These improvements are sufficient to establish certain equities in favor of the Priors.

The appellant cites *Krieg v. Salkovics,* 18 Wn. (2d) 180, 138 P. (2d) 855 (1943), for the proposition that, even though there may be equities in favor of the Priors, the equities do not pass to the respondents Cunningham and Ries.

The *Krieg* case is distinguishable for the following reasons:

(1) The court was there presented with evidence which did not disclose what, if any, consideration was paid by the vendee's assignee. (In the case at bar, the evidence is clear as to the amount Cunningham and Ries paid for their one-half interest.)

(2) The purchaser of the contract vendee's interest "knew that he was literally buying a law suit," the summons and complaint in the forfeiture action having previously been served upon the contract vendee. (In the case at bar, Cunningham and Ries purchased their one-half interest in the property nine months before the action was commenced.)

(3) The contract vendee was a mere nominal party, having sold his entire interest in the property. (The Priors are not mere nominal parties in this action. Their assignment to Mrs. McConnell was conditioned upon the failure of the forfeiture proceeding. The Priors, therefore, are real parties in interest, and their equities must be considered by the court in its determination of the issues presented.)

Would the evidence establishing the equities of the parties have warranted the trial court's granting of a forfeiture unless, within thirty days, the entire contract balance was tendered into court?

In *Moeller v. Good Hope Farms, supra,* the forfeiture was granted subject to a similar grace period, which was approved by this court when the following equities were established:

(1) The purchaser had paid fifty thousand dollars on a

one hundred fifteen thousand dollar contract, or approximately *forty-three per cent* of the contract price. (In the instant case, the Priors had paid approximately thirteen thousand dollars on a nineteen thousand dollar contract, or approximately *sixty-eight per cent* of the contract price.)

(2) The purchaser had "made improvements on the property, though their value was disputed." (In the instant case, the evidence is clear that substantial improvements were made, in which the value of materials alone was approximately five hundred dollars.)

(3) The purchaser took immediate steps to pay the delinquencies after the court had indicated an adverse decision, and continued to make the monthly payments into court until the trial was consummated. (In the instant case, the respondents, upon receipt of the declaration of forfeiture July 10, 1953, promptly tendered the payments due, and offered to tender the entire balance of the contract.)

All of the equities upon which the court relied in the *Moeller* case are present in the case at bar. In addition, the evidence disclosed that, on June 30, 1953, after the expiration of the forfeiture notice, the respondents paid $114.63 in taxes. For the reasons heretofore discussed, the respondents cannot complain that they paid the taxes because they were misled. The payment was, however, an enrichment to the appellant. Because of appellant's retention of the payment made after the expiration of the thirty-day grace period granted by the contract (upon which he relies), he is not before the court with entirely unsullied hands.

In the light of these circumstances, we conclude that the trial court was warranted in granting the respondents a thirty-day grace period.

For the reasons stated, we do not reach appellant's remaining assignment of error.

The judgment is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

September 5, 1956. Petition for rehearing denied.