[No. 35628.   Department Two.   January 19, 1961.]

THE STATE OF WASHINGTON, *on the Relation of Walter E. Foley, Relator,* v. THE SUPERIOR COURT FOR KING COUNTY, *Raymond W. Clifford and Edward E. Henry, Judges, Respondent.*[1]

[1]Reported in 358 P. (2d) 550.

*Alexander L. Cain,* for relator.

*Shepherd & Slater* by *Charles W. Shepherd,* for respondent.

ROSELLINI, J.—On April 27, 1957, Charles O. Cross and Pauline Cross entered into a contract to sell a residence situated in Seattle to the relator, at a price of twenty-eight thousand dollars. The relator, at the time of the execution of the contract, paid eight thousand dollars in cash on the purchase price and agreed to pay the remainder of the purchase price in monthly installments of two hundred dollars or more, at his option. These payments were to be reduced to one hundred fifty dollars or more per month commencing April 29, 1961. As purchaser, the relator also agreed to pay the taxes, assessments, and insurance on the premises.

Time was made of the essence of the agreement, which contained a provision for forfeiture on default of payments.

The payments were made promptly each month until April, 1958. During the following year, payments were made only sporadically, and no payments were made after May 15, 1959. Notice of intent to declare a forfeiture was given in accordance with the terms of the contract, followed by notice of declaration of forfeiture and cancellation of the contract. This suit to recover possession of the property,

attorneys' fees, and costs followed. In his answer, the relator alleged that the sellers had waived the provision making time of the essence and that, because of his ten-thousand-dollar equity, a forfeiture would be unconscionable. The answer contained no offer to make good the default, which at the time of the trial was in excess of three thousand dollars.

The matter was tried to the court, which found that there had been no waiver of any default subsequent to the issuance of the notice of intention to declare forfeiture and concluded that the sellers were entitled to a judgment as prayed.

In rendering its decision, the court remarked that the relator had shown no prospect of raising the money to reinstate the contract, and therefore a period of grace would not be granted. This oral decision was rendered on May 6, 1960. On May 27, 1960, the day appointed for the signing of the findings of fact, conclusions of law, and judgment, the relator appeared by his attorney and offered to pay the the balance of the contract, "plus reasonable terms." The attorney for the sellers stipulated that a check for twenty-three thousand five hundred dollars had been tendered, but the offer was resisted on the ground that it was made too late.

The trial court refused to grant the relief requested by the relator, apparently on the theory that to grant such relief would be in effect reforming the contract. Judgment was entered accordingly, and the sellers applied for a writ of assistance to oust the relator from the premises. He thereupon petitioned for a writ of certiorari, which this court granted.

It is the contention of the relator that the trial court erred in denying him a period of grace within which to reinstate his contract, and in denying him the right to pay the balance of the contract and make the sellers whole without forfeiting all that he had invested in the property.

Where time is made of the essence of a contract of sale, the vendor may declare a forfeiture of the contract for the nonpayment of the purchase price of any installment

thereof. But forfeitures are not favored in law and are never enforced in equity unless the right thereto is so clear as to permit no denial. *Dill v. Zielke,* 26 Wn. (2d) 246, 173 P. (2d) 977, and cases cited therein. As we observed in that case, recognizing the hardship that often attends a strict enforcement of a forfeiture provision, and confronted with a situation where such enforcement would do violence to the principle of substantial justice between the parties concerned, under the particular facts of a case, the courts of this state have frequently relieved a party from default of payment on an executory contract involving real estate by extending to such person a "period of grace" within which to make such payments.

The facts in this case show that the relator has paid over one third of the purchase price and that his defaults, although extensive, were not due to willful neglect, carelessness, or intentional delay, but were due to the fact that he was ill, unable to work, and had no income. Prior to the trial, his attempts to sell his equity had failed. The sellers showed a great deal of patience with the relator and were forced to pay taxes, assessments, and insurance which the relator was obligated to pay. In the meantime, a basement apartment in the home was rented for eighty-five dollars a month, the proceeds being retained by the relator.

In most of the cases in which this court has approved the granting of a period of grace, there has been a tender of the delinquent payments prior to trial. In some of them, there have been improvements made by the buyer. Such considerations, which have been found to constitute equities in favor of the buyer, are absent here. But we do have in this case the factor which has always appeared most important to the court—a substantial financial loss to the buyer if the contract is forfeited, with no corresponding loss to the seller if a period of grace is allowed.

In this case we do not think that the trial court would have been in error in denying relief to the relator if he had proposed only to bring his payment up to date. His financial condition and prospects were such as to offer little hope that he could make his payments promptly and

regularly in the future, and consequently it would have been unjust to the sellers to subject them to the probable necessity of bringing another law suit for future defaults. But there appears no just reason why the relator's tender of an amount sufficient to pay the balance of the contract, plus interest and all expenses incurred by reason of his defaults, should not have been held sufficient to relieve him of the forfeiture. The fact that the exact amount required for this purpose had not been computed when the offer was made should not deprive him of the right to this relief. It is conceded that the amount offered was more than sufficient to make the sellers whole, and there is no contention that the amount necessary for this purpose could not be computed with relative ease.

The proposal of the relator was not an attempt to reform the contract, as the trial court apparently understood it, but an offer to pay the contract obligation in full. That payment would have prevented an odious forfeiture, and would have resulted in no financial loss to the sellers. We think the court erred, therefore, in refusing to relieve against the forfeiture.

The decree is reversed and the cause is remanded with directions to enter an order providing that if the contract balance, with interest, and with all of the costs and expenses which have fallen upon the sellers by reason of the relator's defaults, are not tendered within sixty days from the going down of the remittitur, the contract shall be forfeited.

Neither party shall recover costs of this appeal.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.