EUGENE A. WRIGHT, Circuit Judge,
dissenting:
With due respect and after reflection, I must dissent because the majority opinion would allow the contract vendors to bind Frontier Bank to a judgment to which it was neither a party nor a privy, in contravention of clearly established Supreme Court precedent. Moreover, it permits the vendors to have both a personal judgment for the contract price and title to the contracted land. This bypasses the operation of Washington law and leaves Frontier Bank with nothing.
Under Washington law, an installment land contract gives the vendor an election of remedies if the vendee defaults. He may either forfeit the contract and retake the property or he may treat the transaction as an absolute sale and sue on the contract for the balance owed. Rose v. Rundall, 86 Wash. 422, 150 P. 614, 616 (1915). “But, since these remedies are inconsistent, he cannot do both. The assertion of one is an abandonment of the other.” Id. “[T]he vendor is not entitled to have both the land and the purchase price.” Stevens v. Irwin, 132 Wash. 289, 231 P. 783, 784 (1925).
Here, the vendors waited until after the last installment was due and then sued under the contract for the full balance of the sale price. In doing so, they affirmed the contract and must “offer to perform the obligations imposed on [them] by tendering and bringing into court a deed of conveyance to the property.” Id. The rule in Washington is that they must first tender a deed in order to recover any payments on the installments, and non-payment of installments does not justify failure to make the tender. Id.
The vendee, however, agreed to let the vendor pursue his money judgment and retain title to the property. This agreement was affirmed by the state court which entered judgment against the vendee for the unpaid purchase price, plus interest *870 and taxes, ordered that the judgment could be increased for future delinquencies accumulating under the contract, and ordered that the vendee would be entitled to performance by the vendor only when the full judgment was satisfied.
The language of the judgment implies that the parties were suing only for an intermediate payment, so that the contract, complete with requirements for future installments and the possibility of forfeiture, remained in force. This notion was reflected in the bankruptcy court’s order finding that the vendors had preserved their rights of forfeiture in the real property. Washington law allows a vendor to sue for an intermediate installment without tendering the deed or losing his forfeiture rights. Id.; Rose, 150 P. at 616. However, it precludes the awarding of the full payment of the contract while the right of forfeiture remains intact.
The district court recognized the error that had been made. It recited that the controlling Washington case held “that a vendor is not entitled to recover a judgment for the full purchase price and at the same time retain title to the property.” However, it distinguished that case by finding that the vendees had waived their rights to claim the title at the time the judgment was entered. The real issue here, therefore, is whether the bank is bound by that waiver when it was not a party to the suit.
The majority cites Kendrick v. Davis, 75 Wash.2d 456, 452 P.2d 222 (1969), for the proposition that the vendor need not notify the vendee's mortgagee before it acts to satisfy its interests under the contract. Kendrick held that it is the mortgagee who must give notice of its interest in the property. We agree with this reading of Kendrick, but we are not here concerned with notice.[1] The issue is whether the bank may be collaterally estopped by a state court judgment, and Kendrick said nothing about that.
The Supreme Court has spoken directly on that question, however. It held that “a decree against the mortgagor with respect to property does not bind a mortgagee whose interest was acquired before the commencement of the suit, unless he was made a party to the proceedings.” Chase National Bank v. City of Norwalk, Ohio, 291 U.S. 431, 438, 54 S.Ct. 475, 478, 78, L.Ed. 894 (1934).
Similarly, the Washington court has held that, when a party to an action assigned his interest in a house before the action was begun, the assignee would not be affected by a judgment against the assignor in that action. Hackler v. Hackler, 37 Wash.App. 791, 683 P.2d 241, 243 (1984). Cf. Lewis v. Kujawa, 158 Wash. 607, 291 P. 1105, 1109 (1930) (a property judgment in an action against the grantor and grantee does not bind a subsequent mortgagor who is a bona fide purchaser).
The majority attempts to distinguish Chase and Washington cases because, unlike here, they involved proceedings in which a party tried to alter title upon which the mortgagee relied. However, the holding in those cases, and the authority cited within them, is not limited to those facts.
The majority is advancing the theory that Frontier Bank had a duty to intervene in the state court action, of which it had no notice, in order to protect its interest in the property. This conflicts with the legal precedent that “in every case where a mortgage was given before the litigation against the mortgagor was instituted, the mortgagee is entitled to have a decision determining his rights rendered on the basis of the facts and considerations adduced by him.” Chase, 291 U.S. at 438, 54 S.Ct. at 478. The law does not require such a party to intervene in another suit in order to safeguard his rights. Id. at 441, 54 S.Ct. at 479.
Because the bankruptcy court never considered the bank’s rights to the property, we should remand to that court for a determination of those interests.
*871 In determining the extent of the bank’s interest a court must decide whether Washington law requires the vendor to tender title to the vendee when it obtains judgment for the contract price of the land. The disagreement among and uncertainty of the courts on this issue suggests that the panel should certify the question to the Washington Supreme Court. Although the majority finds resolution of the issue unnecessary, I repeat my suggestion that we present these questions to the Washington court: In an action by a vendor under a conditional sale real estate contract against the vendee to obtain a money judgment for the balance due under the contract, must the vendor tender a deed to the property before taking judgment? If no tender is made, may the vendor retain title to the property as a lien enforceable to satisfy the judgment?

. Indeed, contrary to the majority opinion, Frontier Bank never argued that the Howards were required to notify it.