[No. 36764.    Department Two.    July 9, 1964.]

HELEN HYRKAS, *Appellant*, v. ALICE KNIGHT, *Respondent*.*

*Critchlow & Williams*, for appellant.

*Wayne Gladstone*, for respondent.

WEAVER, J.—Plaintiff commenced this action to recover $1,500 paid to defendant in anticipation of a contract between them whereby plaintiff was to purchase defendant's interest in a beauty salon.

In August, 1961, plaintiff was a part-time operator in defendant's beauty salon. The latter part of the month the parties discussed the possibility of plaintiff purchasing defendant's interest.

Defendant referred the transaction to her lawyer to draft a written instrument of sale. Friday afternoon, August 25, defendant signed the instrument prepared by her lawyer. He testified that he delivered it to plaintiff's counsel. The record does not disclose exactly when this was done.

In the meantime, however, on Friday, August 25, plaintiff delivered her $1,500 check to defendant. It was to be the down payment on the purchase price. In answer to the question "Why did you give her the $1,500?" plaintiff stated:

"I thought there would be an agreement drawn up that we could agree on later on, and that was the reason. I knew it would have to be a written contract."

Saturday, August 26, plaintiff took over as manager of the salon; defendant remained as an employee.

*Reported in 393 P. (2d) 943.

The record is clear that plaintiff did not see the instrument until Monday or Tuesday (August 28 or 29) of the following week. It was not satisfactory to her for it contained numerous terms and conditions to which she had not agreed in her oral conversations with defendant and to which she could not agree. Plaintiff did not sign the instrument.

Further negotiations failed and, on Friday, September 1, plaintiff restored defendant to her former position. Later, plaintiff returned to defendant all revenue collected under her management, less her regular wages. Defendant accepted the revenue but refused to return plaintiff's $1,500.

After plaintiff brought this action, defendant counterclaimed, alleging that the parties had entered into a contract and that defendant had been damaged to the extent of $2,350 as a result of plaintiff's breach.

The trial court instructed the jury that the burden of proving a contract was upon defendant. The jury was also instructed that if they found a contract to exist between the parties, then the jury was to determine defendant's rights either upon the theory of damages or forfeiture. The case was sent to the jury with the interrogatory "Was your verdict based upon the theory of damages, or the theory of forfeiture?" In returning a verdict of $1,500 for defendant, the jury stated that the verdict was based on the theory of forfeiture.

■ Implicit in the jury's verdict is the finding that a contract containing a forfeiture clause existed between the parties. The verdict cannot be sustained for there is no evidence to support it. *Both parties* testified that they had *not* discussed forfeiture provisions in their preliminary negotiations; hence there could be no contract entitling defendant to retain plaintiff's down payment.

" . . . forfeitures are not favored in law and are never enforced in equity unless the right thereto is so clear as to permit no denial. . . ." *State ex rel. Foley v. Superior Court,* 57 Wn. (2d) 571, 574, 358 P. (2d) 550 (1961). See *Dill v. Zielke,* 26 Wn. (2d) 246, 173 P. (2d) 977 (1946) and cases cited therein.

There are two answers to the contention that plaintiff accepted the contract by her conduct; first, she took over the management *prior* to seeing the written instrument; and second, there had been no discussion of a forfeiture provision.

There is merit in plaintiff's assignment that the court erred when it denied her motion for a directed verdict. The judgment is reversed with instructions to enter judgment for plaintiff in the amount of $1,500.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.

September 2, 1964. Petition for rehearing denied.