319 P.2d 858

Rulon T. JEFFS and J. Marion Hammon, Plaintiffs and Respondents,

v.

CITIZENS FINANCE COMPANY, a corporation, Defendant and Appellant.

No. 8637.

Supreme Court of Utah.

Jan. 8, 1958.

B. R. Parkinson, Salt Lake City, for appellant.

N. J. Cotro-Manes, Paul Cotro-Manes, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment quieting title to real property in plaintiff. Affirmed. Costs to plaintiff.

One Betsy Lee sold the subject property to Mr. and Mrs. Watson under a uniform title retaining real estate contract which contained a provision for termination thereof and for repossession in the event specified payments were not made. Later on the Watsons borrowed a sum of money from defendant and to secure the same "assigned" the contract to the latter. Defendant recorded the instrument. After such recordation, Betsy Lee deeded the property to Jeffs, who notified the Watsons to make payments to him thereafter. Jeffs had no actual knowledge of the "assignment." The Watsons became delinquent under the contract and Jeffs, in a statutory eviction action, obtained a default judgment terminating the contract and ordering that he have possession of the property. The defendant was unaware of such litigation. Finally Jeffs was apprised of the "assignment" and the recording thereof, which resulted in his instituting the present proceedings.

Defendant urges that a uniform real estate contract cannot be terminated without giving the purchaser notice of intention to forfeit and a reasonable time within which to perform the terms of the contract, and that an assignee of the purchaser is entitled to the same kind of notice and opportunity. Defendant claims to be such an assignee here. We do not have the contract before us on this appeal, but we assume that it is the type where the seller, in the alternative, might either repossess the property or permit the purchaser to remain as a tenant at will. Be that as it may, we believe defendant itself has precluded relief on appeal.

The "assignment" in this case was for one purpose only,—to secure a loan. It was not an out and out transfer, since it had no significance whatever once the loan was paid. Under such circumstances, if the lender wishes to protect his loan after his assignor defaults on the real estate contract, it is essential that he make a tender of full and unqualified performance with respect to those provisions uncomplied with by the assignor. There is nothing in the somewhat sketchy record indicating that defendant made any such tender. The closest thing we can find was a statement by defendant's counsel,—really no tender at all, that defendant was "entitled to notice and an opportunity to exercise the contract either by carrying it out, paying it, *or at least having the right of refusal to do that."* (Emphasis ours.) Where no tender of unqualified performance is made,

there is no duty on the part of the seller of the real estate to recognize any interest asserted by such assignee, since the seller at least is entitled to performance. It is true that the real estate contract had been terminated in a previous action as against the purchaser, but the trial court here, sitting as a court of equity, gave the defendant an opportunity to demonstrate the nature and extent of its interest and the status of the delinquency under the real estate contract, as the record will show. The defendant countered with the contention that it was unable to examine the property and could not determine the balance due on the contract. Under our liberal rules for discovery, such matters would seem to be easily ascertainable, but there is nothing in the record that reflects any attempt on the part of the defendant to present such facts, and nowhere in the record can be found any evidence that defendant was denied the information on request. In our opinion it is no answer to say that giving notice to the seller, either actual or constructive, places the burden on him to seek out one with whom he had no dealing, and volunteer facts so that an assignee of a real estate contract securing a loan may elect whether to perform the real estate contract or not. Such notice at best would alert the seller to the fact that upon performance by the purchaser or his assignee, the seller would have a duty to execute a conveyance.

Requiring diligence on the part of one holding a real estate contract securing a loan, under a sort of pledge, to seek out and determine the status of his assignor's contractual rights and obligations by way of request, discovery procedure or otherwise, and to require him to make a tender of full performance which his assignor has failed to effectuate does not seem to us to place an unreasonable burden on the lender who desires to protect the consideration for which the contract was assigned or pledged.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

WORTHEN, J., concurs in the result.