627 P.2d 1241

**John A. SHINDLEDECKER,
Plaintiff-Appellant,**

v.

**Bob SAVAGE, aka Bobbie O. Savage, and
Barbara Savage, husband and wife, Don-
ald E. Jacquez and Verita L. Jacquez,
husband and wife, and Federal National
Mortgage Association, Defendants-Ap-
pellees.**

No. 12840.

Supreme Court of New Mexico.

May 11, 1981.

John R. Westerman, Farmington, for
plaintiff-appellant.

Faurot & Birdsall, Jay L. Faurot, Beavers
& Dean, Farmington, for defendants-appel-
lees.

## OPINION

PAYNE, Justice.

The plaintiff, Jon Shindledecker, brought
suit against the defendants Savage for
debts due him. He also sought to have a
mortgage given him by the Savages de-
clared superior to the claims of the other
defendants and to have it foreclosed. The
trial court awarded Shindledecker judg-
ment against the Savages for the debts
owed but denied all other claims. Shindle-
decker appeals only the trial court's refusal
to recognize and foreclose his mortgage.
We affirm.

The property in question was sold in 1975 by Taylor under a real estate contract to the Savages who paid $1,500 down and agreed to make monthly payments on the unpaid balance. Later, Shindledecker received from the Savages what was called a second mortgage on the property as security for several loans made to the Savages. At that time, the Savages were current in their monthly payments and all other obligations under the real estate contract. Some time after giving the "second mortgage", the Savages decided to move from the state. Although there is no evidence that they were in default on the contract, the Savages executed a document which instructed the escrow agent to release to Taylor a special warranty deed held in escrow. That deed conveyed the Savages' interest back to Taylor. Taylor, instead of creating a new escrow account with Shindledecker (the holder of the second mortgage) as buyer in place of the Savages, sold the property to the Villasenors who later conveyed the property to defendants Jacquez. From the time Taylor received the title until he sold it to the Villasenors, no payments were made on the real estate contract by Shindledecker.

Shindledecker argues that the Savages and Taylor agreed that Shindledecker could assume the real estate contract in satisfaction of the outstanding debt secured by the "second mortgage". Taylor is not a party to this lawsuit, however, and we cannot grant any relief that might be due to Shindledecker from Taylor as a result of Taylor's agreements with the Savages. We consider only the relative rights of the parties to this action.

The two issues raised on appeal are: (1) whether Shindledecker had an interest in the subject real estate which was enforceable against the Savages' equitable interest in the real estate, and (2) whether the Savages terminated or relinquished any interest they may have had in the real estate thus extinguishing any claim Shindledecker would have as against subsequent purchasers of the property.

The first issue can be alternatively stated as whether the vendee under an executory land sales contract has a mortgageable interest. The majority of courts have held that both the legal and equitable owner have mortgageable interests in the realty. *Gavin v. Johnson*, 131 Conn. 489, 41 A.2d 113 (1945); *Sigman v. Stevens-Norton, Inc.*, 70 Wash.2d 915, 425 P.2d 891 (1967); *see generally* 55 Am.Jur.2d *Mortgages* § 111 (1971); Annot., 85 A.L.R. 927 (1933). Because the vendee cannot create an interest in the realty greater than his own, *Campos v. Warner*, 90 N.M. 63, 559 P.2d 1190 (1977), the interest acquired by the mortgagee is necessarily limited by that of the vendee. *See Gavin v. Johnson, supra; Kendrick v. Davis*, 75 Wash.2d 456, 452 P.2d 222 (1969). Since the mortgage is subject to the prior interest of the vendor under the sales contract, it is enforceable only if the contract is kept in force by continued performance of its terms. *Sheehan v. McKinstry*, 105 Or. 473, 210 P. 167 (1922).

When Shindledecker entered into the mortgage agreement with the Savages, he acquired an enforceable lien on the property subject to the prior interest of Taylor, the vendor. This interest was also limited by the amount of equity held by the Savages and was subject to continued performance under the contract. Though called a "second mortgage", the interest acquired by Shindledecker was not clothed with all the same legal rights as are generally found with second mortgages. Generally a second mortgage refers to a subsequent mortgage on a fee interest. Here the mortgage was not on a fee interest but only on the vendee's equitable interest. We follow the analysis adopted by the Washington courts in *Sigman v. Stevens-Norton, Inc., supra*:

> [A]ppellant [asserts] there is no substantial difference in a mortgage on purchaser's interest in a land contract and a second mortgage. There is, however, a considerable difference in that there is no lien on the fee under a mortgage on buyer's interest and forfeiture of a land contract gives the junior encumbrancer no right of redemption. * * * The term

"second mortgage" means a lien right second only to a superior lien of a first mortgage on a buyer's interest in a land contract. 425 P.2d at 894.

We hold that the Savages' interest under the real estate contract was a mortgageable interest, and that Shindledecker had a valid lien on that interest.

■ Having held that Shindledecker did have a lien on the Savages' equitable interest in the property, we turn to the issue of whether the Savages relinquished their interest in the property and what effect it would have on the title acquired by the Jacquez. Generally, the vendor under a property sales contract can, upon default by the vendee, retake the property and retain all sums paid under the contract. *Bishop v. Beecher*, 67 N.M. 339, 355 P.2d 277 (1960). This right of re-entry and repossession is somewhat limited in the case, as here, where the vendee has mortgaged his equitable interest. In such a case the mortgagee cannot have his lien eclipsed by the agreement of the parties to the real estate contract to rescind it. By virtue of his mortgage, the mortgagee obtains the original purchaser's right to purchase the property for the consideration stated in the purchase contract. In other words, the mortgagee assumes the rights of the vendee under the real estate contract. As explained in *First Mortgage Corporation of Stuart v. deGive*, 177 So.2d 741, 746 (Fla.Dist.Ct.App.1965):

> The mortgage by a purchaser of his interest in a contract for the sale of real property merely gives the mortgagee the right to complete the purchase if the mortgagor refuses to do so, and the mortgagee takes no greater rights than the purchaser had. In other words, the mortgagee acquires a right to purchase the property for the consideration stipulated in the contract of purchase, and the enforceability of the mortgage depends upon the condition that the contract be kept in force by the subsequent performance of its terms. *Young v. Clay* [139 Or. 427, 10 P.2d 602 (1932)]; *Sheehan v. McKinstry* [105 Or. 473, 210 P. 167 (1922)]; *Nelson v. Bailey*, 1959, 54

Wash.2d 161, 338 P.2d 757, 73 A.L.R.2d 1400; 59 C.J.S. Mortgages § 184.

We recognize the right in the mortgagee to assume the position of the vendee and keep the contract, and thereby his mortgage, in effect. However, even though Shindledecker had the right to assume the Savages' position under the contract, and even though there was no evidence of default by the Savages, we hold that the rights of Shindledecker must yield to the rights of the subsequent purchasers of the property.

■ The mortgagee of an equitable interest must protect his lien by giving notice to the vendor of his equitable interest so that he can arrange an assumption of the contract in case the vendee defaults or otherwise rescinds the contract. Recording the mortgage does not give the vendor constructive notice such as to require the vendor to notify the mortgagee of his intent to retake the property. *Kendrick v. Davis, supra.* Instead, the mortgagee must use one of several available contractual devices to insure that he receives both notice of a breach by the vendee and the opportunity to protect his interests.

■ Finally, Shindledecker argues that the powers of equity should be exercised by this Court to allow his mortgage to be enforced against the Jacquez. We do not see how the equities favor Shindledecker. The equities in this case favor the Jacquez, the innocent purchasers. Shindledecker had the opportunity to take the necessary steps to put Taylor on notice and protect against a default in the real estate contract. The Jacquez, on the other hand, had no knowledge of any agreements between the Savages, Shindledecker, and Taylor, and a title search would have revealed nothing to indicate possible defects in their title.

For the foregoing reasons the trial court's judgment is affirmed.

IT IS SO ORDERED.

Easley, C. J., and RIORDAN, J., concur.