**Stanley V. HADLOCK, et al., Plaintiffs and Respondents,**

v.

**SHOWCASE REAL ESTATE, INC., Morris Myers, et al., Defendants and Appellants.**

No. 18613.

Supreme Court of Utah.

March 15, 1984.

Morris Meyers, pro se.

Heber Grant Ivins, American Fork, for plaintiffs and respondents.

HOWE, Justice:

The defendant Morris Myers appeals from a decree quieting title to certain real property in Utah County in the plaintiffs and adjudging that he had no right, title or interest therein.

The plaintiffs, owners of the subject property, sold it to Showcase Real Estate, Inc., on a uniform real estate contract. Subsequently, the buyer's interest was assigned to Alvin R. Smith, who assigned it to Marcy G. Myers who, in turn, assigned it to the defendant Morris Myers. Although notice of the assignment to the defendant was never given to the plaintiffs, the defendant recorded in the office of the Recorder of Utah County a warranty deed which he had received from Marcy G. Myers in which she conveyed to him all of her interest in the subject property.

In July 1981 several monthly installments and the property taxes for 1979 and 1980 were delinquent. Pursuant to paragraph 16A of the contract, the plaintiffs notified the original buyer and all of the assignees of the buyer's interest that those delinquent amounts must be paid within five days or the plaintiffs would terminate the contract, retake possession of the property and retain all payments made on the contract as liquidated damages. A copy of the notice was mailed by certified mail to the defendant Myers with return receipt requested, but the letter was returned to

the plaintiffs by the post office with the notation that it had been unclaimed. When no one responded to the notice, the plaintiffs instituted this action to obtain a decree declaring a forfeiture of the interest of the buyers and all subsequent assignees, and quieting title to the property in the plaintiffs. Myers was the only party who appeared to oppose the plaintiffs' complaint. After a brief trial at which he contended that he had not received the notice because it had been mailed by the plaintiffs to an incorrect address, the trial court found against him and awarded the plaintiffs the relief sought in their complaint together with $1,290 in attorney's fees and costs of the action.

■ Myers assails the judgment against him on the ground that as an assignee of the buyer's interest in the contract, he was entitled to be given the requisite five-day notice prescribed in paragraph 16A before the seller could proceed to forfeit his interest in the contract and property. We agree. The contract was unconditionally assignable by either sellers or the original buyer. The last paragraph of the contract, paragraph 22, provides "it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators, successors and assigns of the respective parties hereto." That being so, each reference in the contract to the buyer must perforce include the buyer's assignee where an assignment has been made. By virtue of paragraph 22 the assignee is bound to the obligations of the contract, and he is also entitled to the rights, benefits and privileges accorded to the buyer. One of those rights is that his interest will not be extinguished without proper written notice and demand being given him in accordance with paragraph 16A. The plaintiffs recognized this principle by seeking and obtaining against Myers a judgment for attorney's fees as provided for in the contract. The plaintiffs rely upon *Jeffs v. Citizens Finance Co.*, 7 Utah 2d 106, 319 P.2d 858 (1958); and *Wiscombe v. The Lockhart Co.*, Utah, 608 P.2d 236 (1980), which held that an assignee of the buyer's interest in a uniform real estate contract which was given only for security does not entitle the assignee to notice and an opportunity to bring current delinquent payments prior to the extinguishment of the buyer's interest. That obviously is not the fact situation here where the assignment to Myers was not for security purposes.

While notice of the assignment of the buyer's interest in the contract to Myers was not given by him to the plaintiffs, the plaintiffs apparently learned of his interest from the recorded warranty deed which came to light in the course of a title search made by them preparatory to terminating the buyer's interest in the contract. The warranty deed contained the address of Myers. However, notice was not mailed to him at the address shown on the deed. Instead, it was mailed to an address in another city which the plaintiffs found in a telephone directory. No reason is suggested by the plaintiffs why they chose to disregard the address on the deed or why when the letter was returned unclaimed, an attempt was not made to notify him at this latter address. We note that after the notice to Myers was returned unclaimed and this action was instituted, personal service of summons was made upon him at the address contained on the deed.

■ We therefore hold that as an assignee of the buyer's interest in the contract, Myers was entitled to the right extended by paragraph 16A of the contract to be given a five-day notice to bring all contract payments current before his interest was forfeited and extinguished. We further hold that inasmuch as his correct address was on the recorded instrument which gave the plaintiffs notice of his interest, plaintiffs should have attempted to notify him at that address. This is not to suggest that where a seller has no notice of an assignment or lacks an address where a notice may be mailed to an assignee, or where an assignee secretes himself in order to avoid the seller, that the seller can be thwarted in obtaining the remedies afforded him by the contract. That, however, is not the situation here.

Plaintiffs urge that Myers should not be heard because he has not at any time tendered to the plaintiffs the delinquent amounts. A short answer to this contention is that until an appropriate notice and demand has been given him in accordance with paragraph 16A, the plaintiffs, as sellers, have no cause of action under that instrument to terminate his interest. See *First Security Bank of Utah v. Maxwell*, Utah, 659 P.2d 1078 (1983).

The judgment below is reversed as against defendant Myers. Costs awarded to him.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.