691 P.2d 1248

**The LOCKHART COMPANY, a Utah corporation, Plaintiff-Appellant,**

v.

**B.F.K., LTD., a Utah corporation, and Eldon Mattson and Dayle B. Mattson, husband and wife, Defendants-Respondents.**

**No. 14148.**

Court of Appeals of Idaho.

Nov. 19, 1984.

Jay A. Kohler, Idaho Falls, for plaintiff-appellant.

A. Bruce Larson, Soda Springs, for defendants-respondents.

BURNETT, Judge.

This appeal presents an issue of first impression in Idaho. The question is whether sellers of real property under an installment contract, having been notified that the buyer assigned his interest to a third party, must notify the third party if the buyer defaults and the sellers decide to invoke their contract remedies. For reasons explained below, we hold that the third party is entitled to such notice.

The sellers in this case, Eldon and Dayle Mattson, entered an installment land sale contract with a buyer known as B.F.K., Ltd. The contract provided that title to the property would remain in the sellers until all installments were paid. While the contract was still outstanding, the buyer borrowed money from a third-party lender, The Lockhart Company. As security the

lender obtained and recorded an assignment of the buyer's interest under the contract. The assignment recited that the buyer would continue making the contract payments. However, the buyer subsequently defaulted on both the loan and the contract. The sellers sent the buyer, but not the lender, a notice of default that triggered a contractual period for cure. When the buyer failed to cure the default, the sellers terminated the contract, forfeiting the buyer's interest and retaining all prior payments as liquidated damages. The lender ultimately learned of the default and belatedly tendered a cure, but the tender was rejected.

The lender then sued to determine its rights under the contract as the buyer's assignee. The lender claimed that recording the assignment had given the sellers constructive notice of the lender's interest in the contract and that the sellers also had received actual notice from one of the lender's employees. The sellers denied actual notice and argued that recording the assignment did not give them constructive notice. In a summary judgment, the district court bypassed this controversy and ruled, as a matter of law, that even if the sellers had been informed of the assignment, they were not required to furnish the lender notice of the buyer's default. Accordingly, the judge upheld the sellers' cancellation of the contract. In a supplementary ruling the judge further determined that the resultant forfeiture did not represent a penalty for which the buyer or its assignee were entitled to any restitution. This appeal followed.

The relationship between a contract seller of real estate and the buyer's assignee has received surprisingly little attention in reported decisions or in the literature. A few western states have addressed the subject, reaching different conclusions as to whether the seller must inform a known assignee of the buyer's default. A majority have declared that notice must be given, even if the assignment is given only as security for a loan. *Credit Finance, Inc. v. Bateman*, 135 Ariz. 268, 660 P.2d 869 (App.1983); *Kendrick v. Davis*, 75 Wash.2d 456, 452 P.2d 222 (1969). *See also Shindledecker v. Savage*, 96 N.M. 42, 627 P.2d 1241 (1981) (applying rule to mortgage of buyer's contract interest); *cf. Sanders v. Ulrich*, 250 Or. 414, 443 P.2d 231 (Or.1968) (no duty to notify assignee when seller not informed of assignment). A minority, seemingly limited to Utah, holds that the seller is not required to notify the assignee. *See Jeffs v. Citizens Finance Company*, 7 Utah 2d 106, 319 P.2d 858 (1958); *but cf. Hadlock v. Showcase Real Estate, Inc.*, 680 P.2d 395 (Utah 1984) (narrowing the rule announced in *Jeffs* to assignments for security).

■ Cogent arguments can be made on both sides of the issue. However, we find the majority view more persuasive. It better comports with underlying principles of contract law. When one party to a contract is notified that the other has assigned part or all of his interest in the contract, the first party owes the assignee whatever performance the assignor was entitled to receive, within the scope of the assignment. *See generally Bonanza Motors, Inc. v. Webb*, 104 Idaho 234, 657 P.2d 1102 (Ct. App.1983); 3 S. WILLISTON, A TREATISE ON THE LAW OF CONTRACTS § 433 (Jaeger 3d ed. 1960). Of course, no such assignment may "materially increase the burden" imposed by the contract upon the first party. RESTATEMENT (SECOND) OF CONTRACTS § 317 (1979).

■ In the present case, the sellers were obliged under the land sale contract not only to convey title when all installments had been paid but also to provide notice of default, and to allow a specified opportunity for cure, before terminating the contract. We hold that the sellers, if notified of the assignment, owed the lender a parallel duty to provide notice of a default. Concededly, our holding adds to the sellers' burden by requiring them to notify an additional party. However, this requirement applies only with respect to a known assignee and we deem the increased burden not to be "material."

■ We now must address an issue avoided by the district court—whether the sellers did in fact receive notice of the assignment. As noted above, the lender has asserted that constructive notice was furnished by recording the assignment. We disagree. Idaho Code § 55–811 provides that a recorded instrument conveying an interest in real property gives notice "to subsequent purchasers and mortgagees." It does not give constructive notice to prior parties in the chain of title. *Cf. Kendrick v. Davis, supra* (interpreting constructive notice under Washington law). In our view, the seller under a title-retaining contract should not be treated as a "subsequent purchaser" of his own title from a buyer who assigns his contract interest and later defaults.

■ This leaves the question of actual notice. On this point the record discloses a sharp dispute of fact which cannot be resolved by summary judgment. I.R.C.P. 56(c). Therefore, we vacate the summary judgment and remand for a determination of whether the sellers had actual notice of the assignment. If they did, the lender is entitled to reinstatement of the contract or to other appropriate relief. Conversely, if the sellers did not receive actual notice of the assignment, the lender is entitled to no relief from cancellation of the contract and forfeiture of the buyer's interest.

■ Finally, for guidance on remand, we also must address the lender's contention that a forfeiture would represent a penalty. The lender plainly has standing to raise this issue. The buyer having defaulted on the loan as well as on the contract, the lender now stands in the buyer's shoes as far as *rights under the contract are* concerned. *Jones v. Central States Investment Co.,* 654 P.2d 727 (Wyo.1982). Restitution for any penalty arising from a forfeiture is a court-created right imputed to land sale installment contracts in Idaho. *Graves v. Cupic,* 75 Idaho 451, 272 P.2d 1020 (1954).

■ However, no genuine issue concerning a penalty has been established in this case. The party who asserts the existence of a penalty bears the burden of proving that the amount forfeited as liquidated damages under the contract fails to bear a reasonable relation to the seller's actual damages. *McEnroe v. Morgan,* 106 Idaho 326, 678 P.2d 595 (Ct.App.1984). Although the lender here has questioned the trial court's finding that no penalty existed, the record contains no affirmative showing that the liquidated damages were disproportionate to the seller's actual damages. Neither do we find evidence of disproportionality in the facts presented by the sellers.

■ The lender contends that it was wrongfully excluded from a court hearing, attended by the sellers, where the existence of a penalty could have been urged. However, the record fails to sustain this contention. The sellers moved for summary judgment on all issues. The district judge held successive hearings on the issues of contract cancellation and damages. At the conclusion of the contract cancellation hearing, but before the damage hearing had begun, the judge stated, "Lockhart maybe [sic] excused, if you wish." Even the most tremulous lawyer or litigant would not mistake this language for an order of exclusion. In light of the lender's failure to make an affirmative showing on an issue where it had the burden of proof, we hold that the assertion of a penalty no longer is an issue in substantial controversy. It need not be further considered upon remand. *See* I.R.C.P. 56(d).

The summary judgment is vacated and the cause remanded for proceedings consistent with this opinion. No costs or attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.