718 P.2d 1164

**Robert H. AYOTTE and Charlene M. Ayotte, husband and wife, Plaintiffs-Respondents,**

v.

**John G. REDMON and Irene S. Redmon, husband and wife, Defendants-Appellants.**

No. 15603.

Supreme Court of Idaho.

Feb. 27, 1986.

On Denial of Petition for Rehearing May 12, 1986.

Richard B. Eismann, Caldwell, for defendants-appellants.

Gary L. Morgan, Caldwell, for plaintiffs-respondents.

BISTLINE, Justice.

On May 15, 1979, the Ayottes contracted to buy a lot in a subdivision from the Redmons. The contract required the Redmons to build a road in accordance with county specifications as shown on the subdivision plat in order to provide access to the lot. The road was to be completed by July 30, 1980.

When the Redmons did not construct the road as agreed, the Ayottes alleged breach and filed suit for rescission and restitution, or in the alternative for damages. The Ayottes also prayed for attorney's fees pursuant to a provision of the contract. The Redmons counterclaimed for the balance remaining to be paid under the contract.

After trial before the court without a jury, the district court entered findings of fact, conclusions of law, and judgment for the Ayottes. The court granted the Ayottes rescission and restitution. In addition the court granted the Ayottes attorney's fees.

The Redmons appeal that part of the judgment awarding attorney's fees of $3,900. Thus, we are presented with a single issue on appeal: When the district court grants a buyer rescission of a real estate contract after the seller's breach, can the district court also award attorney's fees to the buyer as provided for in the contract? We hold that under the circumstances of this case, attorney's fees were properly awarded.

The instant contract provided:

[N]othing herein contained shall be construed as an election of remedies or as a waiver by the Sellers of any rights or remedies otherwise provided by law for breach of this contract and that in the event that either party retains counsel to institute suit hereunder or to otherwise enforce the terms of this contract, the losing party agrees to pay a reasonable sum as attorney fees for such services.

Contract provisions for attorney's fees such as this generally are enforced. *E.g., Eimco Corp. v. Sims,* 100 Idaho 390, 395,

598 P.2d 538, 543 (1979); *see* I.R.C.P. 54(e)(5) (attorney's fees allowable by statute or contract). No question exists that the Ayottes were forced to "retain counsel to institute suit" under the contract, and were the prevailing party. Under this contract provision, they would appear to be due their reasonable attorney's fees.

The Redmons, however, argue that after the rescission of the contract, there was no provision upon which to base the award of attorney's fees. For this proposition they cite *Ellis v. Butterfield,* 98 Idaho 644, 650, 570 P.2d 1334, 1340 (1977).[1] The entirety of *Ellis'* reasoning on this issue is as follows: "Having terminated the contract, they [the vendors of real estate] cannot later assert the attorney fee clause in it while defending successfully against appellants' action to reinstate the contract." *Id.* (footnote omitted).

*Ellis* is inapposite and does not control for two reasons. First, in *Ellis* the sellers had extrajudicially terminated the contract and forfeited out the buyers; thus, under the theory advanced by the sellers and accepted by the district court, the contract no longer existed at the time of trial. Here, to the contrary, the Ayottes (buyers) brought their action seeking a court decree rescinding the contract and granting restitution; thus, the contract remained in existence throughout the litigation and was only rescinded when the district court issued its judgment. Second, the *Ellis* contract only provided for attorney's fees "to enforce any of their rights under this agreement...." *Id.* at 650 n. 6, 570 P.2d at 1340 n. 6. Arguably, this Court held that defending against the claimed right of reinstatement of the contract could not be construed as enforcing rights provided in the contract. In contrast, the instant provision awarded attorney's fees whenever "either party retains counsel to institute suit hereunder." Such is exactly what the Ayottes did, doing so when it appeared to them that it was necessary to follow this avenue.

Similarly, in a suit where the plaintiff successfully sued to rescind a deed of trust and claimed attorney's fees under the deed's attorney's fees clause, a California district court of appeals said:

Here, since the language of the deed of trust did not limit the situation in which attorney fees would be recoverable to any particular form of action involving the contract, the suit resulting in a judgment invalidating the purported agreement between the parties for lack of consideration and alternatively for intentional misrepresentation was an action "on the contract" which permitted an award of attorney fees under section 1717. *Star Pacific Investments, Inc. v. Oro Hills Ranch Inc.,* 121 Cal.App.3d 447, 463, 176 Cal.Rptr. 546 (Cal.App.3d Dist.1981).

In like fashion, the instant clause does not limit attorney's fees awards to circumstances involving any particular forms of action, but rather allowed attorney's fees whenever a party instituted suit to protect his rights. Of course, parties instituting suits will end up paying attorney's fees if they are unable to persuade the court of their right to the relief they are seeking.

It is also to be noted that the Ayottes not only sued for rescission, but also defended against the Redmon's counterclaim to enforce the contract. Had the Redmons reached the courthouse first and become plaintiffs in an action to forfeit the contract, and had the Ayottes in turn defended on the basis of breach or default on the part of the Redmons entitling them to rescission, and prevailed, there is no question but that the Ayottes would be entitled to attorney's fees under the contractual provision here at issue. Who wins the race to the courthouse is not dispositive of the entitlement to attorney's fees. That issue hinges on which of the parties prevails— not who institutes the civil action. The California Sixth District Court of Appeals held:

---

**1.** The Redmons also cite *Mecham v. Nelson,* 92 Idaho 783, 451 P.2d 529 (1969); however, *Mecham* is inapposite, as this Court held the contract unenforceable because of failure of a condition precedent. *Id.* at 787, 451 P.2d at 533.

In an action to enforce the rescission of a written land sale agreement, containing a clause for attorney's fees which does not limit recovery of such fees to any particular form of action involving the contract, the prevailing party is entitled to an award of such fees. *Hastings v. Matlock,* 171 Cal.App.3d 826, 840–42, 217 Cal.Rptr. 856, 866 (Cal.App. 6th Dist. 1985).

*Accord, Preston v. McDonnell,* 659 P.2d 276, 278 (Mont.1983); 12A C.J.S., *Cancellation of Instruments* § 135. We hold likewise.

As the Ayottes prevailed on appeal, and because the appeal is a continuation of the suit instituted under the contract, they are due attorney's fees in this Court. *Hastings, supra,* 171 Cal.App.3d at 842, 217 Cal.Rptr. at 867. The judgment below is affirmed.

Costs to respondents, including attorney's fees.

DONALDSON, C.J., and SHEPARD, BAKES and HUNTLEY, JJ., concur.

BAKES, Justice, concurring specially:

I concur in the majority opinion and write only to point out that, in addition to seeking a court decree rescinding the contract and granting restitution, the buyers in their complaint ask "for additional and/or alternate relief," seeking a declaratory judgment requiring the defendants to establish whether they can deliver good title in the event that the buyers paid off the contract. The buyers were not just seeking rescission alone, but were, in the alternative, seeking affirmative relief. Accordingly, this case is not governed by our decision in *Ellis v. Butterfield,* 98 Idaho 644, 570 P.2d 1334 (1977), and the district court did not err in awarding attorney fees to the plaintiffs.

## ON DENIAL OF PETITION FOR REHEARING

The Redmons, in petitioning for rehearing, assert that *Ellis v. Butterfield,* 98 Idaho 644, 570 P.2d 1334 (1977), precludes any award of attorney's fees. Concededly, a majority of the Court in that case did hold that, the vendors having terminated the contract, they could not obtain attorney's fees under a provision of the contract which they had so terminated. Our earlier opinion discussed but distinguished *Ellis,* making it unnecessary that we respond to the Redmons' contention that *Ayotte* and *Ellis* cannot both stand. We believe our distinction earlier made was sufficient.

The Redmons premise their petition on this hypothesis:

The primary question before the trial court was whether or not there had been a valid rescission of the contract by the Ayottes. The question was not whether the court should after trial rescind the contract or leave the contract in effect.

At the insistence of the Redmons, we have re-examined the Ayotte complaint. Nowhere therein is any statement or allegation raising the contention that the Ayottes had declared a rescission of the contract, and were in court seeking an adjudication of the validity of their having done so. On the contrary, their complaint alleged that the Redmons' noncompliance with contractual provisions to construct a roadway and be able to furnish clear and merchantable fee simple title were breaches of the contract—because of which the Ayottes prayed for judgment allowing rescission of the contract and awarding restitution of all payments made on the contract. Alternatively, if not granted rescission, the prayer of the complaint asked for monetary damages for breach of the contractual provision to timely have constructed the roadway.

Clearly, then, the Ayottes' complaint recognized the continuing existence of the contract, alleged material breaches claimed to be grounds for rescission with concurrent restitution, and attorney's fees under the contractual provision.

The Redmons' petition and brief refers to a letter from the Ayottes' attorney of which it is said "gave notice that if the roadway was not constructed within 30 days of October 4, 1982, that plaintiffs

would rescind the contract." This letter is on file, Exhibit 19, and also found as an exhibit to the Ayotte reply to the Redmons' counterclaim. The letter, however, is somewhat differently worded:

I have advised my clients to withhold any further monthly payments due under the above described Contract of Sale of Real Property until such time as the roadway to be known as Pleasant View Drive has been constructed to County specifications and has been approved and accepted by the County with their covenant to maintain this road as a County road, and further until such time as you are able to establish that in the event my clients should prepay the Contract of Sale that you can, in fact, deliver a fee simple unencumbered title to Lot 4 in Block 1 of Pleasant View Estates to them at this time.

At such time as you are able to comply with the requests set forth herein, my clients will tender to you all unpaid monthly payments. If you cannot comply with our requests as herein set forth within a reasonable period of time, which we feel would be thirty (30) days from the date of this letter, I have advised my clients *to commence suit against you to rescind the above described Contract* of Sale of Real Property. If my clients should prevail in such suit, you would be required to return to them their downpayment of $2,880.00, and to reimburse them for their monthly payments made during the life of this Contract of Sale at the rate of $116.00 per month. R., Vol. 3, p. 54 (emphasis added).

The bench remarks of the trial court after the case was wholly submitted demonstrate its understanding that the action was brought to obtain an equitable rescission, and that he was granting exactly that relief:

I am not going to award interest, however, because I feel that they did have use of the premises. And the manner in which their complaint was drafted, that is, *a suit for rescission*, it appears to me that they were in effect reserving the right to use the premises if they chose to

during that interim period. And I would offset equitably interest against what a fair use value of the premises would be during that period of time. Tr., Vol. 2, p. 382 (emphasis added).

The final judgment itself contains the Court's language decreeing the rescission of the contract as of that date of the judgment—May 18, 1984.

The Petition for Rehearing is denied; the remittitur will issue forthwith.

DONALDSON, C.J., and SHEPARD, BAKES and HUNTLEY, JJ., concur.