977 P.2d 901

**John VAN BERKEM and Murial Van Berkem, husband and wife, and Frances B. Kirkwood, Plaintiffs–Respondents,**

v.

**MOUNTAIN HOME DEVELOPMENT COMPANY, aka Mountain Home Development Co., an Idaho corporation whose charter has been forfeited; Dan Weitz and Mark E. Adams, as statutory trustees of said forfeited corporation; and Weitz & Company, Inc., an Idaho corporation, Defendants–Appellants.**

No. 24525.

Court of Appeals of Idaho.

April 2, 1999.

Vernon K. Smith, Boise, for appellants.

Hall & Friedly, Mountain Home, for respondents. Jay R. Friedly, argued.

SCHWARTZMAN, Judge.

## I.

### FACTS AND PROCEDURE

On June 12, 1991, John and Murial Van Berkem and Frances B. Kirkwood (sellers) entered into an agreement with Mountain Home Development Company, Inc. (MHDC) for the sale of a parcel of real property. The agreement stated that MHDC would pay eighty thousand dollars ($80,000) for the property with twenty thousand dollars ($20,-000) down and annual payments of twelve thousand dollars ($12,000) plus interest, due on September 15 of each subsequent year. In exchange, the sellers were required to place in escrow a warranty deed conveying the property to MHDC to be delivered when the purchase price was fully paid. The contract further provided that if additional payments were made, MHDC could then demand and receive advance conveyances of portions of the land in one-acre increments.

Sellers executed the required warranty deed and placed it in escrow. MHDC made the annual payments under the contract, without incident, through 1993. During 1994, MHDC suffered financial difficulties and a number of judgments against the company were subsequently recorded in the Elmore County Recorder's Office. On October 30, 1994, MHDC passed a corporate resolution to transfer all of its assets to Weitz & Company, Inc. (Weitz & Co.). In exchange, Weitz & Co. agreed to assume all "valid and undisputed Accounts Payable, and existing liens of record as of this date." However, MHDC then made the next payment under the land sale agreement on October 31, 1994. Dan Weitz, who was president of both corporations, subsequently signed a quit-claim deed conveying all of MHDC's interest in the subject property to Weitz & Co. Thereafter, on November 16, 1995, Weitz & Co. made the next annual payment under the land sale agreement. MHDC then formally assigned the land sale agreement to Weitz & Co. on November 17. The assignment was executed by Dan Weitz on behalf of both MHDC and Weitz & Co., and was placed in escrow along with a copy of a warranty deed which conveyed the property from MHDC to Weitz & Co.

Not having received the final payment due under the contract, the escrow company issued a notice of default on October 15, 1996. In response, Weitz & Co. sent a check for the final payment to the escrow company on November 14, but instructed that the payment be withheld from the sellers stating,

> The previous Warranty Deed, created by the Sellers and placed in escrow with you, is no longer the correct document of conveyance, as that document should be destroyed as Mountain Home Development has no right to be within the chain of title as the rights it held under the contract were fully extinguished and replaced with Weitz & Company ... You are herewith instructed to advise the Sellers to prepare a Warranty Deed, reflecting conveyance to Weitz & Company, an Idaho corporation, and all funds tendered to you will then be available for disbursement[,] but only upon proper confirmation by you [that] the required conveyance under the terms of the Agreement are [sic] available for delivery.

Unwilling to issue a new deed, the sellers filed a complaint in the district court on April 15, 1997, requesting a judgment for the amount owing under the contract, plus interest, as well as costs and attorney fees. The complaint requested a decree ordering the sale of the property with the proceeds first applied to the amounts found owing to the sellers. The defendants, MHDC, Dan Weitz and Mark Adams, as trustees of MHDC, and Weitz & Co., filed an answer and cross-claim

requesting that the court dismiss the sellers' claim and order "specific performance," i.e., the issuance of a warranty deed directly to Weitz & Co. The defendants also requested costs and attorney fees.

Sellers subsequently filed a motion for summary judgment. Following a hearing, the district court found that the sellers had fulfilled all of their duties under the contract when they executed the original warranty deed listing MHDC as the grantee. Conversely, the court concluded that defendants' conditional tender to the escrow holder was not in compliance with the contract and rendered MHDC in default. It further found that the defendants' request for a second warranty deed would place an extra burden on the sellers because MHDC could have created both recorded and unrecorded encumbrances on the property. The district court also noted that the issuance of a new warranty deed would shorten the chain of title and could potentially defraud MHDC's creditors. In light of this, the court granted summary judgment in favor of the sellers. Thereafter, the district court entered final judgment in favor of sellers for the full amount due, together with interest, and declared this judgment a valid first lien on the property, with a priority date of June 12, 1991, the date of the original contract for sale. The court then ordered the property to be sold by the sheriff at public auction with statutory redemption rights applying for both MHDC and all persons claiming under it.[1] Costs and attorney fees, pursuant to the contract, were also awarded to sellers. The defendants appeal.

## II.

## THE DISTRICT COURT DID NOT ERR WHEN IT DETERMINED THAT ISSUING A NEW WARRANTY DEED WHICH NAMES WEITZ & CO. AS THE GRANTEES WOULD MATERIALLY INCREASE THE SELLERS BURDEN

### A. Standard Of Review

When faced with an appeal from a summary judgment, this Court employs the stan-

---

1. During the pendency of this appeal the status quo has been maintained, with the original deed

dard of review properly applied by the trial court when originally ruling on the motion. *East Lizard Butte Water Corp. v. Howell,* 122 Idaho 679, 681, 837 P.2d 805, 807 (1992); *Washington Fed. Sav. & Loan Ass'n v. Lash,* 121 Idaho 128, 130, 823 P.2d 162, 164 (1992). In order to determine whether judgment should be entered as a matter of law, the trial court must review the pleadings, depositions, affidavits, and admissions on file. I.R.C.P. 56(c). As when the motion initially is considered by the district court, appellate courts, on review, liberally construe the record in a light most favorable to the party opposing the motion and draw all reasonable inferences and conclusions in that party's favor. *Brooks v. Logan,* 130 Idaho 574, 576, 944 P.2d 709, 711 (1997). However, if the evidence reveals no disputed issues of material fact, only a question of law remains, and an appellate court may exercise free review. *Id.*

### B. Analysis

"The general rule would seem to be that where a contract is assignable the assignee acquires all the rights of the assignor and takes the contract subject to all of the obligations of the assignor therein stipulated." *Anderson v. Carrigan,* 50 Idaho 550, 555, 298 P. 673, 674 (1931). However, an assignment may not materially change the duty or increase the burden of the obligor. *See Lockhart Co. v. B.F.K., Ltd.,* 107 Idaho 633, 635, 691 P.2d 1248, 1250 (Ct.App.1984). Here, the defendants assert that the sellers' burden would not be increased by the issuance of a new deed naming Weitz & Co. as the grantees because under the contract, the sellers could be required to issue numerous new deeds, in one-acre increments, at the request of the buyer. However, this argument fails to recognize that the sellers are not being asked to simply draft a new deed, they are being asked to introduce the name of a new grantee into the warranty deed. We hold that the substitution of Weitz & Co. as the deed's grantee could materially alter the sellers' burden.

and final payment remaining in escrow.

Because this Court has held that a vendee's interest in an executory land contract may be subject to judgment liens, the sellers could subject themselves to the threat of future litigation if they issued the requested warranty deed.

We conclude that a vendee's interest under an executory contract to purchase real property—where the contract or a notice containing the names of the contracting parties and the description of the property is recorded—is included within the meaning of "all real property of the judgment debtor" against which a recorded judgment imposes a lien under I.C. § 10–1110. *Fulton v. Duro,* 107 Idaho 240, 245, 687 P.2d 1367, 1372 (Ct.App.1984), *aff'd,* 108 Idaho 392, 700 P.2d 14 (1985). Hence, MHDC's creditors may have a lien on MHDC's interest in the land sale contract. Weitz & Co. requested a new warranty deed which shortens the chain of title to the land, potentially impacting MHDC's creditors' ability to execute on liens. This action could potentially provoke litigation as the creditors and Weitz & Co. attempt to determine their respective rights.[2]

Although Idaho courts have not specifically addressed the issue, other jurisdictions have recognized a cognizable claim against third parties for conspiracy to defraud a creditor. *See* Milton Roberts, J.D., Annotation, *Right of Creditor to Recover Damages for Conspiracy to Defraud Him of Claim,* 11 A.L.R.4th 345 (1982). The defendants cannot guaranty that legitimate liens do not exist. Their demand for a new deed to shorten the chain of title is an effort to avoid a quiet title action in which they would be forced to defend their title against the claims of MHDC's creditors. MHDC and Weitz & Co. cannot now require sellers to expose themselves to a plausible threat of litigation and potential liability, as such risk would materially increase the sellers' burden under the contract. *Lockhart, supra.*

## III.

## THE DISTRICT COURT DID NOT ERR WHEN IT AWARDED THE SELLERS' ATTORNEY FEES

The "Agreement For Sale of Real Property" signed by the original parties stated that the "successful party in case of suit shall be entitled to recover reasonable attorney's fees from the other party, in addition to the other damages allowed by law." Accordingly, we find that the district court did not err when it awarded sellers, as the successful parties, attorney fees and costs. We also award the sellers costs and attorney fees on appeal under this contractual provision. *See Ayotte v. Redmon* 110 Idaho 726, 728, 718 P.2d 1164, 1166 (1986) (awarding attorney fees on appeal and noting that an appeal is a continuation of the initial suit which was instituted under the contract).

## IV.

## CONCLUSION

We find that the potential of future litigation materially increases the sellers' burden under the contract and, therefore, affirm the district court's order awarding summary judgment to the sellers. We also affirm the district court's order awarding attorney fees and costs to the sellers as well as award the sellers costs and fees on appeal pursuant to I.A.R. 40 and 41.

Chief Judge PERRY and Judge LANSING, CONCUR.

2. For example, MHDC's creditors could claim that they had an interest in the property which was improperly extinguished when MHDC was extracted from the chain of title. They could also assert that any conveyance to Weitz & Co. was fraudulent and seek to have it set aside as a fraudulent transfer. In either case, the sellers could be brought into the circle of litigation. *See*

W.J. Dunn, Annotation, *Necessary Parties Defendant to Action to Set Aside Conveyance in Fraud of Creditors,* 24 A.L.R.2d 395, 419 (1952) (recognizing a line of authority in which the grantor was held to be a necessary party because title will revest in the grantor if the conveyance is set aside).