OLD STONE CAPITAL CORPORA-
TION, a Washington corporation,
Plaintiff,

v.

JOHN HOENE IMPLEMENT CORPORA-
TION, a defunct Idaho corporation;
J.D. Lauer, as the Last Director and
Statutory Trustee of John Hoene Im-
plement Corporation, a defunct Idaho
corporation; Ted F. Hilbert (also
known as Ted Hilbert) and Parilee A.
Hilbert, husband and wife; Robert W.
Kinzer and Carol A. Kinzer, husband
and wife; Philomena C. Davis (former-
ly known as Philomena C. Hoene), a
married woman; Inland Title Company
(formerly known as Inland Abstract
Company), an Idaho corporation; State
of Idaho, acting through the Depart-
ment of Revenue and Taxation, State
Tax Commission, and all unknown
owners or unknown heirs or unknown
devisees of any deceased person claim-
ing any right, title or interest in and to
any or all of the property which is the
subject of this action, and any other
person or other entity, who has or may
have an interest in and to the property
which is the subject of this action, re-
ferred to for convenience by the ficti-
tious designations of Does I through
XX, Defendant.

Philomena C. DAVIS,
Counter-Claimant,

v.

OLD STONE CAPITAL CORPORA-
TION, a Washington corporation,
Counter-Defendant.

Civ. No. 85–3012.

United States District Court,
D. Idaho.

Nov. 18, 1986.

David B. Lincoln, Scott L. Campbell, Elam, Burke and Boyd, Boise, Idaho, for counter-claimant Davis.

Michael E. McNichols, Jack R. Little, Clements, Brown & McNichols, Lewiston, Idaho, for counter-defendant Philomena C. Davis.

Gregory Fitzmaurice, Grangeville, Idaho, for counter-defendants Robert W. Kinzer and Carol A. Kinzer.

RYAN, District Judge.

This is a diversity action seeking foreclosure of certain real property. On December 10, 1979, various documents were executed with the ultimate effect being that Old Stone Capital Corporation made a $250,000.00 operating capital loan to John Hoene Implement Corporation (JHI) (now defunct). JHI was the lessee of the subject commercial property owned by Philomena Davis, formerly known as Philomena Hoene. In order to secure the loan from Old Stone, JHI granted Old Stone a leasehold deed of trust on its leasehold estate in the Davis property. Accompanying the deed of trust was an assignment of rents and a security agreement on personal property. On the same date, JHI and Davis entered into an amended lease for a new term of ten years, co-extensive with the term of the loan. Davis agreed to enter into a subordination agreement and to sign an estoppel certificate. Copies of all of these documents are appended to the memorandum of Davis in support of her Motion for Summary Judgment. JHI de-faulted on the loan and Old Stone took possession of the personal property which secured the loan and now seeks to foreclose on the subject commercial property.

Davis contends that she agreed to subordinate only her leasehold interest in the property in question, as that was the only interest which was the subject of the leasehold mortgage executed by JHI. Old Stone contends that Davis agreed to subordinate not only her interest in the leasehold, but her entire fee interest in the property to Old Stone's deed of trust. It is for this court, on the cross-motions for summary judgment, to determine whether the documents are unambiguous and the question may be answered as a matter of law, or whether ambiguities are present necessitating a trial.

Davis argues that she only granted subordination on her interest in the leasehold estate. In doing so, she states that she subjected her interest in the leasehold to foreclosure, which would mean that the sale of the leasehold would not be subject to the obligation to pay rent for the remaining term of the lease and she would lose that lease money. In the converse situation, if the leasehold estate were simply sold without the existence of a subordination, then the obligation to pay rent would remain in the buyer of the lease. She notes that the total lease payment after January 1, 1980, to the expiration of the lease would be $144,000.00.

Davis argues that the subordination agreement could only prioritize the interest which Old Stone had, and the only interest which it had was in the leasehold. Since subordination merely changes priorities, a leasehold mortgage could not be transformed into a fee mortgage through subordination. Finally, she points out that if Old Stone had intended for her to subordinate her fee interest and not her interest in the lease, she could have executed her own mortgage of her fee interest. Old Stone contends that there is nothing conceptually disjointed in subordinating a fee interest to provide incentive for a mortgage on a leasehold interest.

While Old Stone vehemently argues that the subordination is not a mortgage, it appears that the subordination should be characterized as a mortgage. In *Rush v. Anestos*, 104 Idaho 630, 661 P.2d 1229 (1983), the court stated:

> I.C. § 45–901 defines a mortgage as a "contract excepting a trust deed or transfer in trust by which specific property is hypothecated for the performance of an act without the necessity of a change of possession." I.C. § 45–904 provides that "[e]very transfer of an interest in property other than in trust to secure the performance of any obligation of the trustor or other person named in the trust instrument, made only as a security for the performance of another act, is to be deemed a mortgage." A security instrument, however it is called, is a mortgage whenever real property is encumbered as security for a debt or liability. *Kendrick v. Davis*, 75 Wash.2d 456, 452 P.2d 222 (1969).

*Id.* 104 Idaho at 634, 661 P.2d 1229 (citation omitted) (footnote omitted). The court further cited *Kendrick* for the proposition that an instrument may in form be a deed or an assignment, but if the intent is to use the property as security, it will be a mortgage.

■ Old Stone argues that the subordination agreement was an inducement and not security for the loan. In its supplemental memorandum, the plaintiff states:

> The issue is whether the ultimate effect of these transactions was one in which Davis had mortgaged her property to secure the debts of another. The answer is decidedly "no." Davis mortgaged nothing. She pledged nothing. She executed no personal guaranty. She did nothing to otherwise *secure, i.e.,* become liable for, JHIC's debt. Rather, Davis became junior in priority, *i.e., subordinated* her interest in the property to Old Stone's deed of trust lien.

Supplemental Memorandum Re: Summary Judgment, filed August 14, 1986, at 12. Davis could subordinate her interest in the leasehold and become "junior in priority,

*i.e., subordinated* her interest in the property to Old Stone's deed of trust lien." *Id.* However, the subordination of an interest cannot be accomplished if the beneficiary of the subordination does not have a like interest which prior to the subordination is junior. Davis could not subordinate her fee interest as Old Stone did not have an interest in the fee and, therefore, no interest which would become senior to her interest in the fee. If, in fact, the intent was for Davis to face the risk she now encounters, in reality she has mortgaged her fee. While Old Stone argues that Davis did nothing to secure, i.e., become liable for JHI's debt, it seems that the obligation of JHI was to repay the loan and the purpose of having the fee interest at risk would be to enable Old Stone to foreclose on the fee interest and satisfy the loan. Therefore, she would be pledging her fee interest as security for and as a source of repayment for the debt of JHI. The contract would be a mortgage.

Idaho Code § 45–1001 (1977) provides that any interest in real property which is capable of being transferred may be mortgaged. Idaho Code § 45–901 (1977) provides that a mortgage is a contract excepting a trust deed or transfer in trust by which specific property is hypothecated for the performance of an act without the necessity of a change of possession. Idaho Code § 45–902 (1977) provides that a mortgage, deed of trust, or transfer in trust can be created, renewed or extended only by writing *executed with the formalities required in the case of a grant or conveyance of real property.* It goes without any argument or challenge that the subordination agreement was not executed with the formalities required in the case of a grant or conveyance of real property. Idaho Code § 45–1502(3) (Supp.1986) provides that a trust deed means a deed executed in conformity with the act and conveying real property to a trustee in trust to secure the performance of an obligation of the grantor or other person named in the deed to a beneficiary. It appears from the documents that the subordination agreement was transferred to the trustee who kept all

of the documents relative to this transaction. However, Idaho Code § 45–902 (1977) again incorporates the deed of trust and requires that it be executed with the formalities required in the case of a grant or conveyance of real property. It is not arguable that the subordination agreement complies with the formalities of the conveyance of real property pursuant to Idaho Code § 55–601 (1977).

■ In summary, the nature of a subordination is such that the beneficiary of the subordination must have a competing interest which, after the subordination, becomes senior to that which, before the subordination, was the senior interest. In this case, Old Stone never had an interest in the fee of Davis's property, but only pursuant to the leasehold mortgage a junior interest in the leasehold. After the subordination, Old Stone's interest in the leasehold became superior to Davis's interest in the leasehold. By its very nature, the vehicle of subordination could not be used to grant Old Stone an interest in the fee. In order to have an interest in Davis's fee estate, a mortgage or deed of trust must have been executed. No such instrument was executed. Further, the subordination agreement cannot be elevated to the position of a mortgage or deed of trust since it lacks the formalities of such required under Idaho law. The subordination agreement could not, as a matter of law, grant any interest in the fee, upon which foreclosure could be had, to Old Stone. Foreclosure is only possible on the deed of trust affecting the leasehold.

By her reply brief, Davis has set up certain defenses to the foreclosure on the leasehold. She, therefore, moves for summary judgment on her defenses to the Complaint in foreclosure.

■ Davis states that the subordination document makes her a surety on the loan from Old Stone. A subordination of an interest to a like interest does not automatically make one a surety, but simply changes the priority in the event of foreclosure. Davis sets up this surety argument in order to show that when an exten-

sion of time for payment was granted by Old Stone to JHI, it materially altered her position, thereby discharging her from her suretyship. As noted by Old Stone, whether she is a surety involves questions of fact. Whether the modification was material, whether Davis was a compensated surety, and whether she demonstrated prejudice or injury if in fact she is a compensated surety, are questions of fact.

■ Next, Davis argues that the subordination agreement effects an interest in real property and involves a contract to answer for the debt of another implicating the statute of frauds pursuant to Idaho Code § 9–503 (1977) and § 9–505 (1977). A simple answer to this argument is that Davis has never raised the statute of frauds defense in responsive pleading and cannot now assert that claim.

Finally, Davis points out that the lease was terminated subsequent to JHI filing bankruptcy. The estoppel certificate expressly authorized Davis to terminate the lease if Old Stone elected not to cure JHI's default. Davis argues that the consequence of the termination of the lessee's rights upon the lease is that all interest of third persons acquired and held by them under the lease are also terminated since they can acquire no rights in the premises other than those of the original lessee. Once the interest of Old Stone evaporated upon the termination of the lease, her interest in the leasehold was again senior and secure. Old Stone, in reply, states that this assertion engenders numerous questions of fact. Old Stone does not raise any substantive argument to counter this evaporation theory, but merely states that it is in contradiction to her earlier argument that she is a surety. Old Stone contends that if Davis is a surety, then suretyship does not evaporate upon the termination of the lease and she is obligated to the extent of her suretyship. Davis can argue these defenses in the alternative.

■ Plaintiff has not suggested that Davis's termination of the lease is somehow violative of the estoppel certificate.

Therefore, once the leasehold was terminated, the subject matter of the leasehold mortgage evaporated and Old Stone had nothing. The estoppel certificate gives Old Stone the right, but not the obligation, to maintain the leasehold in existence. It appears that Old Stone elected not to keep the leasehold in existence and allowed its termination, thereby losing its security. Summary judgment is appropriate on this ground.

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that Old Stone's Motion for Partial Summary Judgment should be, and is hereby, DENIED.

IT IS FURTHER ORDERED that Davis's Motion for Summary Judgment should be, and is hereby, GRANTED.