JUSTICE TRIEWEILER
dissenting.
I dissent from the majority’s conclusion that the subordination agreement is ambiguous and that its interpretation requires extrinsic evidence. I conclude that the plain terms of the agreement did nothing *227 more than subordinate Hill County’s fee interest to Travelers’ right to foreclose on the lessee’s leasehold interest.
Furthermore, in the event of an ambiguity in the subordination agreement, Montana’s statutory and case law require that uncertainties be resolved against the drafter of the document, which in this case was Travelers Insurance Company. For these reasons, I would reverse the judgment of the District Court and enter summary judgment for Hill County.
The subordination agreement which was executed by Hill County in favor of Travelers Insurance Company acknowledged that Hill County owned the subject property in fee simple absolute, but had leased it on August 29, 1975, to M & M Enterprises, a Montana partnership. The agreement then acknowledged that M & M had mortgaged its lessee’s interest in that property as security for a loan given by Travelers. Therefore, in the event that M & M defaulted from its obligation to repay that loan, Travelers had a right to foreclose on M & M’s leasehold interest.
M & M’s leasehold interest gave it the right to occupy land owned by Hill County in fee simple for a period of fifty years from October 1, 1975, and build a shopping center on that land. It also obligated M & M to pay rent to Hill County in the amount of $20,360 annually after completion of the shopping center. There were various other terms and conditions set forth in the written lease agreement. However, the leasehold interest was limited to the rights provided for in that agreement and did not include a fee simple interest in the property owned by Hill County.
As the lessor and owner of the real estate on which the shopping center was to be built, Hill County also had rights pursuant to the lease agreement. It had the right to receive rent, and it had the right to retake possession of the property in the event that the rent was not paid.
By the written subordination agreement, Hill County agreed, in consideration of Travelers’ loan to M & M, to
[subordinate] all of its right, title and interest in and to said real property to the lien of said mortgage and agrees that said mortgage shall continue to be a first lien upon said property prior and superior in right to any right, title and interest of the undersigned in and to said real property.
In other words, Hill County simply agreed to defer the enforcement of its rights in the property to Travelers’ enforcement of its right to foreclose on the leasehold interest. A subordination agreement is
*228 “an agreement by which a party having a superior right of some sort agrees with someone having an inferior right that, as between the two of them, the inferior right shall be treated as if it were superior.”
... By executing a lien subordination agreement, the subordinating party agrees to demote the priority of its lien to that of another secured creditor, thereby delaying its recourse to the identified collateral until the other party’s secured claim has been satisfied.
In re Lantana Motel (Bankr. S.D. Ohio 1990), 124 B.R. 252, 255, 256 (citation omitted).
However, while the subordination agreement required that Hill County defer its interest in the property during the term of the leasehold, it could not have, by its plain terms, given Travelers any greater interest in the property than it had pursuant to its mortgage agreement with M & M. That conclusion is compelled by the fact that Travelers only had an interest in the leasehold and Hill County only agreed to defer to Travelers’ leasehold interest. Travelers had no interest in the fee simple estate, and none was created by the subordination agreement.
A similar issue was presented to the United States District Court for the District of Idaho in Old Stone Capital Corp. v. John Hoene Implement Corp. (D. Idaho 1986), 647 F. Supp. 916.
In that case, John Hoene Implement Corporation (JHI) leased property from Davis. JHI then gave a lending institution a deed of trust on its leasehold interest to secure an operating loan. Davis, as an inducement for the loan, agreed to subordinate her interest in the property to the lending institution’s security interest in the leasehold. JHI defaulted and the lending institution sought to foreclose on Davis’s fee simple interest in the property. The Federal District Court for the District of Idaho first concluded that the subordination agreement could not create a mortgage interest in Davis’s fee simple estate. Old Stone, 647 F. Supp. at 919. However, in language relevant to the issue in this case, it also concluded that since the lender never had an interest in the fee title to Davis’s property, it could not acquire that kind of interest simply by virtue of the fact that Davis subordinated her fee interest, and whatever rights were attendant to it, to the-lender’s mortgage interest in the leasehold. The court held as follows:
In summary, the nature of a subordination is such that the beneficiary of the subordination must have a competing interest *229 which, after the subordination, becomes senior to that which, before the subordination, was the senior interest. In this case, Old Stone [the lending institution] never had an interest in the fee of Davis’s property, but only pursuant to the leasehold mortgage a junior interest in the leasehold. After the subordination, Old Stone’s interest in the leasehold became superior to Davis’s interest in the leasehold. By its very nature, the vehicle of subordination could not be used to grant Old Stone an interest in the fee. In order to have an interest in Davis’s fee estate, a mortgage or deed of trust must have been executed. No such instrument was executed. Further, the subordination agreement cannot be elevated to the position of a mortgage or deed of trust since it lacks the formalities of such required under Idaho law. The subordination agreement could not, as a matter of law, grant any interest in the fee, upon which foreclosure could be had, to Old Stone. Foreclosure is only possible on the deed of trust affecting the leasehold.
Old Stone, 647 F. Supp. at 919.
Likewise in this case, Travelers had no interest in Hill County’s fee title based on its mortgage agreement with Hill County’s lessee. Therefore, when Hill County agreed to defer to Travelers’ mortgage interest, it agreed to do nothing more than waive its rights as lessor during the period of the lease agreement so that Travelers could freely enforce its security interest in the leasehold without competition from Hill County based on its superior interest. These facts are clear from the plain terms of the subordination agreement and require reversal of the District Court and entry of summary judgment for Hill County.
However, even if, as the majority concludes, “[t]he language of the agreements is ambiguous,” the result must be the same. Travelers prepared the documents, and if it intended to create a mortgage interest in Hill County’s property, it was capable of doing so by clear language. The fact that it was aware of how to create a mortgage interest is evident from the mortgage document that it drafted and had executed by M & M to create a mortgage interest in M & M’s leasehold estate.
Section 28-3-206, MCA, provides:
In cases of uncertainty not removed by parts 1 through 5 of this chapter, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist. The promisor is presumed to be such party, except that in the case of a contract between a public officer or body, as such, and a private *230 party, it is presumed that all uncertainty was caused by the private party.
We have also repeatedly held that ambiguous contracts should be resolved against that party that drafted the contract. See, e.g., Topeo, Inc. v. State (1996), 275 Mont. 352, 360, 912 P.2d 805, 810; Mueske v. Piper, Jaffray & Hopwood, Inc. (1993), 260 Mont. 207, 216, 859 P.2d 444, 449-50; St. Paul Fire & Marine Ins. Co. v. Cumiskey (1983), 204 Mont. 350, 363, 665 P.2d 223, 229.
The majority opinion does not address the standard rule regarding ambiguous contracts. However, when that rule is applied, it clearly requires construing the subordination agreement in favor of Hill County and against Travelers’ implausible suggestion that the subordination agreement was not merely a subordination agreement, but was in fact a mortgage agreement, even though it makes no mention of a mortgage nor includes any language of conveyance.
For these reasons, I dissent from the majority opinion. I would reverse the judgment of the District Court and enter summary judgment in favor of Hill County on the issue of whether Travelers has a mortgage interest in Hill County’s property.
JUSTICE NELSON joins in the foregoing dissenting opinion.